IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY J. GOLDEN**                                                              **PLAINTIFF**

VS.                                                              CASE NO.:<u>1:06cv1006LG-JMR</u>

**HARRISON COUNTY, MISSISSIPPI;**                       **DEFENDANTS**
**SHERIFF GEORGE PAYNE, OFFICIALLY AND**
**IN HIS INDIVIDUAL CAPACITY;**
**LEE OATIS JACKSON, OFFICIALLY AND IN HIS**
**INDIVIDUAL CAPACITY;**
**MAJOR DIANNE GATSON-RILEY, OFFICIALLY**
**AND IN HER INDIVIDUAL CAPACITY;**
**CAPTAIN RICK GASTON, BOOKING SUPERVISOR,**
**OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;**
**CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS**
**INDIVIDUAL CAPACITY;**
**JOHN DOES 1-5, OFFICIALLY AND IN THEIR**
**INDIVIDUAL CAPACITY**

<u>**AMENDED COMPLAINT**</u>
(Jury Trial Requested)

   **COMES NOW** Plaintiff, and file this his Amended Complaint, amending Count I paragraph 27 of his original Complaint.

1.   Plaintiff, Bobby J. Golden, is an adult resident citizen of the City of Gulfport, Mississippi, First Judicial District.

**PARTIES**

2.   Defendant, Harrison County is a political subdivision of the State of Mississippi, and is the entity responsible for the oversight and funding of the Harrison County Adult Detention Center. This Defendant may be served with process by effecting the same upon the President of the Board of Supervisors, Connie Rocko.

3.   The Defendant, George Payne, is an adult resident citizen of Harrison County, Mississippi First Judicial District.  This Defendant was the duly elected Sheriff and is charged with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies

and procedures, and provide protection to detainees in the Harrison County Adult Detention Center. He can be served with lawful process at his place of employment.

4.    The Defendant, Deputy Lee Oatis Jackson, is an adult resident citizen of Harrison County, Mississippi First Judicial District. He may be served with lawful process at his residence.

5.    The Defendant, Major Dianne Gatson-Riley, former warden of the Harrison County Adult Detention Center, is an adult resident citizen of Harrison County, Mississippi. She was directly responsible for overseeing the administration of the Harrison County Adult Detention Center, enforcing policies and procedures regarding their training, hiring and firing at the time of the subject matter incident. She may be served at her place of employment at the Harrison County Adult Detention Center.

6.    The Defendant, Captain Rick Gaston, Booking Supervisor, is an adult resident citizen of Harrison County, Mississippi. He was in charge of the booking process of detainees. He may be served with process at his place of employment at the Harrison County Adult Detention Center.

7.    The Defendant, Captain Phillip Taylor, Training Director, is an adult resident citizen of Harrison County, Mississippi. He was in charge of the training provided to the members of the Harrison County Sheriff Department, including assigning personnel to the booking department. He may be served with lawful process at his place of employment at the Harrison County Adult Detention Center..

8.    The Defendant, unknown John Does, are not known to the Plaintiff at this time. Through discovery process it is believed that they are adult resident citizens of Harrison County and when their identities become known to Plaintiff, leave will be sought to amend the complaint and they may be served at the Harrison County Adult Detention Center.

**JURISDICTION AND VENUE**

9.    The Plaintiff invokes the federal question jurisdiction of this Court pursuant to 28 U.S.C. §1331 and 1334 to obtain a judgment for the costs of this suit, including reasonable attorney's fees

and damages suffered and sustained by Golden caused by Defendants' violation of the rights, privileges and immunities of Golden as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and applicable federal statutes including 42 U.S.C.A. §1983, 1985, 1986 and 1988.  Additionally, this Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claim of the Plaintiff as herein stated.  Golden seeks declaratory and injunctive relief pursuant to 28 U.S.C. §1391(b) because a substantial part of the real and immediate harm sustained by Plaintiff occurred in this jurisdiction district and division.

## STATEMENTS OF FACTS

10.    On or about February 26, 2005 at 1:37 A.M. the Plaintiff, Bobby J. Golden was arrested on the charge of Domestic Violence at 2207 31st Street, Gulfport, Mississippi.

11.    Plaintiff Golden was subsequently transported by a Gulfport police officer to the Harrison County Adult Detention Center.

12.    Immediately after being placed in the booking room by a Gulfport police officer, Plaintiff Golden was sprayed with mace and was punched in the eye by an unknown Harrison County jailer.

13.    Later in the day on the 26th of February 2005, the defendant Deputy Sheriff Lee Oatis Jackson caused two (2) juvenile detainees to beat Plaintiff Golden, by striking him on his head, and kicking his body, causing injuries to his head, back, ribs and chest.

14.    On the 27th day of February 2005, while incarcerated in an open area in the Harrison County Adult Detention Center, an unknown Harrison County Deputy Sheriff came to Plaintiff Golden's cell.  Upon entering the cell where Plaintiff was incarcerated, the jailer escorted Plaintiff Golden to an upstairs area of the Harrison County Adult Detention Center, whereby, Deputy Lee Oatis Jackson intercepted Plaintiff.  Deputy Jackson took Plaintiff Golden to an outside area of the Harrison County Adult Detention Center and began to beat the Plaintiff by striking him about the head and body.

As a result of the beating by Deputy Jackson, Plaintiff fell to the ground and Deputy Jackson began kicking Plaintiff's body, aggravating Plaintiff's bruised ribs, which were originally injured from the beating by the juvenile detainees.

15. While Defendant Jackson was beating Plaintiff, he lamented that the beating of Plaintiff was the result of Plaintiff's Domestic Violence charge of hitting Nida Michelle Cnales, who Plaintiff avers have children by Defendant Jackson.

16. Plaintiff Golden states that Defendant Jackson placed a glove on his fists and began beating him and stated to Plaintiff during the course of the beating "What you was doing over there jumping on my girl in the presence of my children."

17. Plaintiff alleged that the duration of the beating was approximately 3 to 5 minutes, and after the beating of Plaintiff, he was physically taken by Defendant Jackson to an isolated cell.

18. Plaintiff asserts that an unknown Deputy Sheriff arrived at the isolated cell and escorted him to Captain Phillip Taylor's office and Captain Taylor took a report and showed Plaintiff photographs of the juvenile detainees who had allegedly beat Plaintiff. Plaintiff identified one of the juveniles who beat Plaintiff, but told Captain Taylor that he could not identify the juveniles out of fear of a subsequent beating.

19. Subsequent to Plaintiff's interview with Captain Taylor, he was taken by an unknown deputy, who Plaintiff believed was in charge of the Internal Affairs Unit of the Harrison County Sheriff Department. Plaintiff Golden states that he gave a tape recorded statement to the unidentified deputy and was promised that he would be contacted subsequent to the investigation of Plaintiff's beating. As of the date of this lawsuit, Plaintiff have not been notified by an official from the Harrison County Sheriff Department about the results of the investigation.

20. Subsequent to the beating of Plaintiff by the unknown juvenile detainees and Defendant Jackson, Plaintiff was treated by a physician at the Harrison County Adult Detention Center on the

4

28th day of February, 2005 and subsequently treated by a nurse at the facility until March 4, 2005 for injuries sustained to Plaintiff's ribs, back and a cut over Plaintiff's left eye.

21.     Plaintiff's spouse learned about the beating of Plaintiff on or about February 28, 2005 and tried to visit Plaintiff, but to no avail. An unknown Harrison County female jailer called Plaintiff's spouse and stated that "Plaintiff would be released on March 13, 2005 and she could pick up Plaintiff."

22.     Plaintiff would show that because of the beating by the juvenile detainees and Defendant Jackson, his incarceration at the Harrison County Adult Detention Center was extended beyond his release date.

23.     As a result of the severe beating sustained by Plaintiff, he went to the Emergency Room of Memorial Hospital for Diagnostic Radiology Services for his ribs, chest, and back pains.

24.     Plaintiff did not know the two juvenile detainees who beat him while incarcerated at the Harrison County Adult Detention Center, and he gave them no reason to beat him. Plaintiff Golden learned from other detainees that Defendant Jackson caused the juvenile detainees to beat him.

## COUNT I

### (VIOLATION UNDER 42 U.S.C. §1983)

25.     Plaintiff adopts and incorporates paragraphs 1- 24.

26.     Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983, which provides for recovery of damages to any citizen who has been injured by any person acting under color of any statute or custom or usage in any state. The Defendants while acting under color of law, commenced to implement a policy, custom, usage or practice wherein the right, privileges or immunities of Golden were violated.

27.     The Defendants, Harrison County Sheriff George Payne, Lee Oatis Jackson, Dianne Gatson-Riley, Rick Gaston, Phillip Taylor and John Does 1-5, jointly and severally engaged in a course of action of conduct that resulted in the violation of Golden's right to equal protection of the

5

laws of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, rights against excessive force, torture, deprivation of identifiable civil rights, cruel and unusual punishment, the unnecessary and wanton infliction of pain and suffering.  The Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Golden physical, mental and emotional harm, pain humiliation and/or injury, and thereafter, evidence a deliberate indifference to the rights of Plaintiff.

Since the filing of Plaintiff's Complaint, officers who were employed by Harrison County Sheriff's Department have come forward regarding either the use of excessive force or conspiracy to deprive rights under color of law by way of excessive force while employed at the Harrison County Adult Detention Center.  The Department of Justice has been and is currently conducting an investigation , which has led to the criminal charges filed against six (6) officers employed at the Harrison County Adult Detention Center.  See Criminal Numbers:  1:06cr65, 1:06cr116, 1:06cr117, 1:06cr137, 1:06cr79, and 1:07cr4.  Additionally, several individuals have received target letters wherein, it was learned that the individuals are the subject of a grand jury investigation regarding their direct participation or observance of an incident which required the use of force against inmates while employed at the Harrison County Adult Detention Center.

28.     As a direct proximate consequence of the Defendants' action, Golden was deprived of certain rights, privileges, and immunities secured by the Constitution and the laws of the United States of America and State of Mississippi.

Specifically, Golden's Fifth and Fourteenth Amendments rights to procedural and substantive due process and equal protection of the laws violated by the Defendants together with his Fourth Amendment rights prescribing the use of excessive force.

6

29.     At all times material hereto, the Defendant Harrison County Sheriff Department, its agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent officially policy of or were pursuant to governmental custom, usage or practice of Harrison County, Mississippi.

30.     It is further averred that Defendant George Payne was a governmental official whose edicts, practices or acts may fairly be said to represent official policy, practices, customs or regulations of Defendant Harrison County and that Defendants Payne and Harrison County collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in the damages sustained by Golden.

31.     As a direct and proximate consequence of the Defendants conduct wherein such Defendants deprived Golden of certain rights guaranteed by the Constitution of the United States of America, the Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing damage to him, including extreme pain and suffering, humiliation, degradation, mental anguish and emotional distress.

32.     Defendants Harrison County Sheriff Department and its employees, John Does 1-5 failed to intercede on behalf of Golden after watching the juvenile detainees attack and violate him.  These defendants were under a duty to protect Golden from the unlawful acts of the juveniles and Deputy Jackson.  And as a consequence, Golden was deprived of certain rights, privileges and immunities secured by the Constitution and the laws of the United States of America and the State of Mississippi.  Specifically, Golden's Fifth and Fourteenth Amendments rights to procedural and substantive due process and equal protection of the laws were violated by the Defendants Harrison County, Mississippi, George Payne, Lee Oatis Jackson, Dianne Gatson-Riley, Rick Gaston, Phillip Taylor and John Does 1-5.

33.     At all times material hereto, the Defendant Harrison County, its agents, representative and employees acted pursuant to the policies and regulations, officially adopted or promulgated by those

persons whose acts may fairly be said to represent official policy of or were pursuant to a government custom, usage or practice of the Harrison County Adult Detention Center.

## COUNT II

### (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS)

34. Plaintiff adopts and incorporates paragraphs 1-33 above.

35. It is alleged that Defendants George Payne, Lee Oatis Jackson, Phillip Taylor, Dianne Gatson-Riley, Rick Gaston and John Does 1-5 covered-up the beating of Golden for the purpose of creating havoc with the plan to punish and brutalize Golden. This plan culminated in the completion of the agreement and a deprivation of Golden's constitutional rights when Golden was beaten severely causing him injuries while in the custody of the Defendants.

36. There existed within the Harrison County Adult Detention Center a belief, practice, usage and/or custom that it was perfectly fine to beat and/or abuse arrestees who have violated the law.

37. The Conspiracy continued through the investigation when these defendants were not forthcoming, lied and concealed the truth and therefore violated 42 U.S.C. §1985.

## COUNT III

### (ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY)

38. The Plaintiff adopts and incorporates paragraphs 1-37 above.

39. The Defendants, Harrison County, George Payne, Lee Oatis Jackson, Dianne Gatson-Riley, Rick Gaston, Phillip Taylor and John Does 1-5, knew or reasonably should have known, prior to the attack on Golden and the implementation of the conspiracy to deprive him of his federally protected rights, that such activity regularly took place and that Defendant George Payne encouraged such behavior by Deputies under his employ, direction and command. On information and belief this is not the first time some or all of these defendants have engaged in such conduct.

40. Defendants, in their individual and official capacities either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive Golden and

8

other persons similarly situated, of the equal protection of the laws they possessed the authority, power and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred and therefore violated 42 U.S.C §1986.

41. Defendants Harrison County, Mississippi (through its Sheriff's Department) and John Does 1-5, in their individual and official capacities either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive Golden and other persons similarly situated, of the equal protection of the laws they possessed the authority, power and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred and therefore violated 42 U.S.C. §1986. Some of the unknown Defendants John Does 1-5 witnessed the acts and did nothing to protect Golden in violation of their duties and responsibilities under the law.

## COUNT IV

### (FAILURE TO ADEQUATELY TRAIN AND SUPERVISE)

42. Plaintiff incorporates and adopts paragraphs 1-41 above.

43. Defendants Harrison County, George Payne, Phillip Taylor, Dianne Gatson-Riley and Rick Gaston failed to provide adequate and competent training and/or supervision to the Defendants Jackson and John Does 1-5. The Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out by Deputies of the Harrison County Sheriff's Department.

44. As a direct and proximate cause of the failure to properly develop, implement and otherwise carry out a policy of adequate deputy training and/or supervision, Golden was deprived of certain constitutional rights, privileges and immunities which if properly trained and supervised every Deputy with the department would have known of the illegality of defendants' conduct, and deprivation of such rights, privileges and immunities would not have occurred.

9

45. Failure to provide such training and supervision was so grossly negligent that it amounted to deliberate indifference and blatant disregard for the rights, privileges and immunities of Golden.

46. Defendant Harrison County (through its Sheriff's Department) failed to provide adequate and competent training and/or supervision to the Defendants John Does 1-5. The defendants are tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out by deputies of the Harrison County Sheriff's Department.

47. As a direct and proximate cause of the failure to properly develop, implement and otherwise carry out a policy of adequate deputy training and/or supervision, Golden was deprived of certain constitutional rights, privileges and immunities which if properly trained and supervised every Deputy within the department would have known of the illegality of Defendants Lee Oatis Jackson and John Does 1-5 conduct, and the deprivation of such rights, privileges and immunities would not have occurred.

48. Failure to provide such training and supervision was so grossly negligent that it amounted to deliberate indifference and blatant disregard for the rights, privileges and immunities of Golden.

## COUNT V

### (BATTERY)

49. Plaintiff incorporates and adopts paragraphs 1-48 above.

50. The illegal and inappropriate use of force by Defendant Lee Oatis Jackson amounted to battery and the offensive contact was intended to cause harm to Golden and to unnecessarily inflict pain and injury upon his body.

51. As a direct and proximate cause of such offensive contact, Golden was injured and is entitled to monetary damages from the defendants who participated in or contributed to the illegal Battery.

## COUNT VI

## (ASSAULT)

52.     Plaintiff incorporates and adopts paragraphs 1-51 above.

53.     The events that gave rise to this action caused Golden a reasonable apprehension that the named Defendants and John Does 1-5 acting independently and in concert with one another were going to cause him to suffer or sustain immediate harmful and offensive contact to his person.

54.     As a direct and proximate consequence of the conduct of these defendants, Harrison County Mississippi, Payne, Jackson, Taylor, Gatson-Riley, Gaston and John Does 1-5 are jointly and severally liable to the plaintiff for the assault and Golden is entitled to monetary judgment against defendants who participated in or contributed to the illegal assault.

## COUNT VII

## (CIVIL CONSPIRACY)

55.     Plaintiff incorporates and adopts paragraphs 1-54 above.

56.     Defendants Payne, Jackson, Taylor, Gatson-Riley, Gaston and John Does 1-5 acted in concert with one another and entered into agreement to engage in the conduct which was wrongful, intentional, willful and wanton causing Golden to sustain injuries.

57.     As a direct and proximate cause of said agreement the Defendants Harrison County, Payne, Jackson, Taylor, Gatson-Riley, Gaston, and John Does 1-5 are jointly and severally liable to Golden for monetary judgment.

## COUNT VIII

## (OUTRAGE)

58.     Plaintiff incorporates and adopts paragraphs 1-57 above.

59.     Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community.  As such, Golden is entitled to monetary judgment against all defendants, jointly and severally.

11

## COUNT IX

### (INTENTION INFLICTION OF EMOTIONAL DISTRESS)

60. Plaintiff incorporates and adopts paragraphs 1-59 above.

61. The brutal actions of Defendants Jackson and John Does 1-5 intentionally caused Golden foreseeable mental anguish, emotional distress and humiliation.

62. The acts and failure to act by Defendants Harrison County, Payne, Jackson, Gatson-Riley, Gaston and John Does 1-5 intentionally caused Golden foreseeable anguish, emotional distress and humiliation.

## COUNT X

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

63. Plaintiff adopts and incorporates paragraphs 1-62 above.

64. Defendants Jackson and John Does 1-5 acting individually and together, repeatedly beat Golden without justification and therefore caused Plaintiff foreseeable mental anguish, humiliation and emotional distress.

65. As a result of the acts of these Defendants, Plaintiff has suffered and will continue to suffer harm and damages as alleged herein, and seeks an award of compensatory and punitive damages as prayed for below.

66. Defendants John Does 1-5 acting individually and together, failed to intercede on behalf of Golden and watched juvenile detainees and Jackson attack Golden and violate his state and federal constitutional rights without justification and therefore caused Plaintiff foreseeable mental anguish, humiliation and emotional distress.

67. As a result of these acts Defendants Jackson and John Does 1-5, Plaintiff has suffered and will continue to suffer harm and damages as alleged herein, and seeks an award of compensatory and punitive damages as prayed for below.

## COUNT XI

### (NEGLIGENT SUPERVISION, HIRING AND NEGLIGENT RETENTION)

68.     Plaintiff adopts and incorporates paragraphs 1-67 above.

69.     Harrison County Sheriff Department breached its duties to Plaintiff by negligently hiring, and supervising Jackson and John Does 1-5, who watched the attack of Plaintiff. Harrison County Sheriff Department's failure to adopt and implement policies, procedures and practices to prevent its deputies from being hired or retained with the Harrison County Sheriff Department was the direct cause of Plaintiff's physical assault, battery and violations of his state and federal constitutional rights.

70.     As a result of the negligent hiring and supervision of Lee Oatis Jackson and John Does 1-5, Plaintiff has suffered and will continue to suffer harm and damages as alleged herein, and seeks an award of compensatory and punitive damages as prayed for below.

71.     Harrison County Sheriff Department breached its duties to Plaintiff by negligently hiring and supervising John Does 1-5, who watched Plaintiff being attacked by Defendant Jackson. Harrison County Sheriff Department's failure to adopt and implement policies, procedures and practices to prevent its deputy sheriffs from being hired or retained with Harrison County was the direct cause of Plaintiff's physical assault, battery and violations of his state and federal constitutional rights.

72.     As a result of the negligent hiring and negligent retention of John Does 1-5, Plaintiff has suffered and will continue to suffer harm and damages as alleged herein, and seeks an award of compensatory and punitive damages as prayed for below.

## COUNT XII

### (DAMAGES)

73.     As a result of the acts of omission and commission of the Defendants as set forth above, Plaintiff has suffered the following injuries and damages:

a.   Permanent mental, emotional and psychological damage, which has manifested itself into a loss of self esteem, humiliation and impairment of his earning capacity;

b.   Past and future doctor, drug and medical bills;

c.   Past, present and future pain and suffering and difficulty sleeping;

d.   Past, present and future diminished earning capacity and capacity to enjoy life.

## RELIEF DEMANDED

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that the Court set this matter for trial as soon as practical and thereafter that this Court:

a.   Award Plaintiff compensatory damages in an amount which will afford reasonable compensation for the damages sustained by the Plaintiff in the amount of One Million Dollars ($1,000,000.00);

b.   Award Plaintiff exemplary or punitive damages against the Defendants in an amount sufficient to punish them for their egregious conduct and to deter them and others similarly situated from engaging in such conduct in the future;

c.   Reasonable attorneys' fees and expenses;

d.   Interest and all costs herein expended; and.

e.   Any such other declaratory or injunctive relief the Court deems appropriate.

**RESPECTFULLY SUBMITTED,** this the 7th day of February, 2007.

                                                Bobby J. Golden, Plaintiff

                                                BY:   s/*Melvin G. Cooper*
                                                        MELVIN G. COOPER

Prepared by:
Melvin G. Cooper
Attorney-at-Law
178 Main Street, Suite 104
Biloxi, MS  39530
Phone: 228-435-4529
Fax: 228-435-2529
MSB No.: 8352

## CERTIFICATE OF SERVICE

I, Melvin G. Cooper, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Counsel for Defendants:
>Cy Faneca, Esq.
>P. O. Drawer W
>Gulfport, MS  39502
>
>Counsel for Harrison County:
>Joseph R. Meadows, Esq.
>P. O. Drawer 550
>Gulfport, MS  39502

**SO CERTIFIED**, this the 7th day of February, 2007.

>BY:   s/*Melvin G. Cooper*
>        Melvin G. Cooper