IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BOBBY J. GOLDEN                                                                                    PLAINTIFF

VERSUS                                                                    CASE NO. 1:06cv1006LG-JMR

HARRISON COUNTY, MISSISSIPPI;
SHERIFF GEORGE PAYNE, OFFICIALLY AND
IN HIS INDIVIDUAL CAPACITY; LEE OATIS
JACKSON, OFFICIALLY AND IN HIS
INDIVIDUAL CAPACITY; MAJOR DIANNE
GASTON-RILEY, OFFICIALLY AND IN HER
INDIVIDUAL CAPACITY; CAPTAIN RICK
GASTON, BOOKING SUPERVISOR,
OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;
CAPTAIN PHILLIP TAYLOR, OFFICIALLY
AND IN HIS INDIVIDUAL CAPACITY; JOHN
DOES 1-5, OFFICIALLY AND IN THEIR INDIVIDUAL
CAPACITY                                                                                          DEFENDANTS


**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF SHERIFF GEORGE PAYNE, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; CAPTAIN RICK GASTON, BOOKING SUPERVISOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; MAJOR DIANNE GASTON-RILEY, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY; CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; AND LEE OATIS JACKSON IN HIS OFFICIAL CAPACITY, ONLY TO AMENDED COMPLAINT**

COME NOW Defendants, Sheriff George Payne, Officially and in His Individual Capacity; Major Dianne Gaston-Riley, Officially and in Her Individual Capacity; Captain Rick Gaston, Booking Supervisor, Officially and in His Individual Capacity; Captain Phillip Taylor, Officially and in His Individual Capacity; and Lee Oatis Jackson, in His Official Capacity, Only, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and files their Answer, Defenses and Affirmative Defenses to the Amended Complaint as follows, to wit:

<u>FIRST DEFENSE</u>

The Amended Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>SECOND DEFENSE</u>

Defendants specifically reserve and invoke all other rights and defenses available, including but not limited to those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

<u>THIRD DEFENSE</u>

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

<u>FOURTH DEFENSE</u>

And now, in response to the allegations of the Amended Complaint, these Defendants answer, paragraph by paragraph, as follows:

**PARTIES**

1.   The Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 1 of the Amended Complaint.

2.   The allegations contained in Paragraph 2 of the Amended Complaint are not directed at these answering Defendants, and therefore do not require a response. However, in response to the allegations contained in Paragraph 2 of the Amended

Complaint, Defendants admit that Harrison County is a political subdivision of the State of Mississippi.

3.	The allegations contained in Paragraph 3 of the Amended Complaint are admitted as to the Defendant's residency and elected position as Sheriff of Harrison County.  However, to the extent said allegations make any implication of liability against these answering Defendants in the premises, said allegations are denied.

4.	The allegations contained in Paragraph 4 of the Amended Complaint are admitted.

5.	The allegations contained in Paragraph 5 of the Amended Complaint are admitted as to the Defendant's residency and position as former Warden of the Harrison County Adult Detention Center.  However, to the extent said allegations make any implication of liability against these answering Defendants in the premises, said allegations are denied.

6.	The allegations contained in Paragraph 6 of the Amended Complaint are admitted as to the Defendant's residency and his position with the Harrison County Sheriff's Office.  However, to the extent said allegations make any implication of liability against these answering Defendants in the premises, said allegations are denied.

7.	The allegations contained in Paragraph 7 of the Amended Complaint are admitted as to the Defendant's residence and his employment with the Harrison County Sheriff's Office.  However, to the extent said allegations make any implication against these answering Defendants in the premises, said allegations are denied.

8.	The allegations contained in Paragraph 8 of the Amended Complaint do not appear to require a response from these answering Defendants; however, out of an

abundance of caution, said allegations are denied.

## JURISDICTION AND VENUE

9. The Defendants admit that this Court has jurisdiction herein; however, the remaining allegations of Paragraph 9 of the Amended Complaint are denied.

## STATEMENTS OF FACTS

10. The allegations contained in Paragraph 10 of the Amended Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Amended Complaint are admitted.

12. The allegations contained in Paragraph 12 of the Amended Complaint are denied.

13. The allegations contained in Paragraph 13 of the Amended Complaint are denied.

14. These answering Defendants are without sufficient knowledge to admit or deny all of the allegations contained in Paragraph 14 of the Amended Complaint. Therefore, out of an abundance of caution, said allegations are denied as phrased, except to admit that an altercation occurred between the Plaintiff and Lee Oatis Jackson. However, said altercation occurred while Lee Oatis Jackson was acting outside the course and scope of his employment with the Harrison County Sheriff's Office and therefore, to that extent the allegations of Paragraph 14 make any implication of liability against these answering Defendants, said allegations are denied.

15. These answering Defendants are without sufficient knowledge to admit or

deny all of the allegations contained in Paragraph 15 of the Amended Complaint. Therefore, out of an abundance of caution, said allegations are denied as phrased, except to admit that an altercation occurred between the Plaintiff and Lee Oatis Jackson as a result of "Plaintiff's Domestic Violence charge of hitting Nida Michelle Chales."  However, said altercation occurred while Lee Oatis Jackson was acting outside the course and scope of his employment with the Harrison County Sheriff's Office and therefore, to that extent the allegations of Paragraph 14 make any implication of liability against these answering Defendants, said allegations are denied.

      16.     These answering Defendants are without sufficient knowledge to admit or deny all of the allegations contained in Paragraph 16 of the Amended Complaint. Therefore, out of an abundance of caution, said allegations are denied as phrased, except to admit that an altercation occurred between the Plaintiff and Lee Oatis Jackson, and that Jackson stated something to the effect as that alleged in Paragraph 16.  However, said altercation occurred while Lee Oatis Jackson was acting outside the course and scope of his employment with the Harrison County Sheriff's Office and therefore, to that extent the allegations of Paragraph 14 make any implication of liability against these answering Defendants, said allegations are denied.

      17.     These answering Defendants are without sufficient knowledge to admit or deny all of the allegations contained in Paragraph 17 of the Amended Complaint. Therefore, out of an abundance of caution, said allegations are denied as phrased, except to admit that an altercation occurred between the Plaintiff and Lee Oatis Jackson.  However, said altercation occurred while Lee Oatis Jackson was acting outside the course and scope of his employment with the Harrison County Sheriff's

Office and therefore, to that extent the allegations of Paragraph 14 make any implication of liability against these answering Defendants, said allegations are denied.

18. The allegations contained in Paragraph 18 of the Amended Complaint are admitted.

19. The allegations contained in Paragraph 19 of the Amended Complaint are denied as phrased. However, the Defendants do admit that a statement was taken from the Plaintiff.

20. In response to the allegations contained in Paragraph 20 of the Amended Complaint, the Defendants deny said allegations as phrased; however, the Defendants admit that Plaintiff did receive medical treatment and would state that the Plaintiff's medical records with the Harrison County Detention Facility will speak for themselves. However, to the extent the allegations of Paragraph 20 make any implication of liability against the Defendants, said allegations are denied.

21. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 21of the Amended Complaint.

22. The allegations Contained in Paragraph 22 of the Amended Complaint are denied.

23. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Amended Complaint. As such, out of an abundance of caution, said allegations are denied.

24. The allegations Contained in Paragraph 24 of the Amended Complaint are denied.

## COUNT I

## (VIOLATION UNDER 42 U.S.C. §1983)

25.     In response to the allegations Contained in Paragraph 25 of the Amended Complaint, the Defendants incorporate all admissions and denials made in response to Paragraphs 1 through 24.

26.     The allegations Contained in Paragraph 26 of the Amended Complaint are denied.

27.     The allegations Contained in Paragraph 27 of the Amended Complaint are denied.

28.     The allegations contained in an unnumbered paragraph following Paragraph 27 of the Amended Complaint are admitted, except that these answering Defendants specifically deny that the allegations contained in the unnumbered paragraph following Paragraph 27 of the Amended Complaint impose any liability in the premises upon these answering Defendants whether under the auspices of state or federal law.

29.     The allegations Contained in Paragraph 28 of the Amended Complaint are denied.

30.     The allegations Contained in Paragraph 29 of the Amended Complaint are denied.

31.     The allegations Contained in Paragraph 30 of the Amended Complaint are denied.

32.     The allegations Contained in Paragraph 31 of the Amended Complaint

are denied.

33. The allegations Contained in Paragraph 32 of the Amended Complaint are denied.

34. The allegations Contained in Paragraph 33 of the Amended Complaint are denied.

## COUNT II

### (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS)

35. In response to the allegations Contained in Paragraph 34 of the Amended Complaint, Defendants incorporate all admissions and denials made in response to Paragraphs 1 through 33.

36. Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

37. The allegations Contained in Paragraph 36 of the Amended Complaint are denied.

38. The allegations Contained in Paragraph 37 of the Amended Complaint are denied.

## COUNT III

### (ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY)

39. In response to the allegations Contained in Paragraph 38 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 37.

40. The allegations Contained in Paragraph 39 of the Amended Complaint

are denied.

41. The allegations Contained in Paragraph 40 of the Amended Complaint are denied.

42. The allegations Contained in Paragraph 41 of the Amended Complaint are denied.

## COUNT IV

## (FAILURE TO ADEQUATELY TRAIN AND SUPERVISE)

43. In response to the allegations Contained in Paragraph 42 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 41.

44. The allegations Contained in Paragraph 43 of the Amended Complaint are denied.

45. The allegations Contained in Paragraph 44 of the Amended Complaint are denied.

46. The allegations Contained in Paragraph 45 of the Amended Complaint are denied.

47. The allegations Contained in Paragraph 46 of the Amended Complaint are denied.

48. The allegations Contained in Paragraph 47 of the Amended Complaint are denied.

49. The allegations Contained in Paragraph 48 of the Amended Complaint are denied.

## COUNT V

## (BATTERY)

50. In response to the allegations Contained in Paragraph 49 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 48.

51. The allegations Contained in Paragraph 50 of the Amended Complaint are denied.

52. The allegations Contained in Paragraph 51 of the Amended Complaint are denied.

## COUNT VI

## (ASSAULT)

53. In response to the allegations Contained in Paragraph 52 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 51.

54. The allegations Contained in Paragraph 53 of the Amended Complaint are denied.

55. The allegations Contained in Paragraph 54 of the Amended Complaint are denied.

## COUNT VII

## (CIVIL CONSPIRACY)

56. In response to the allegations Contained in Paragraph 55 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in

response to Paragraphs 1 through 54.

57. The allegations Contained in Paragraph 56 of the Amended Complaint are denied.

58. The allegations Contained in Paragraph 57 of the Amended Complaint are denied.

## COUNT VIII

## (OUTRAGE)

59. The allegations Contained in Paragraph 58 of the Amended Complaint are denied.

60. The allegations Contained in Paragraph 59 of the Amended Complaint are denied.

## COUNT IX

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

61. In response to the allegations Contained in Paragraph 60 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 59.

62. The allegations Contained in Paragraph 61 of the Amended Complaint are denied.

63. The allegations Contained in Paragraph 62 of the Amended Complaint are denied.

## COUNT X

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

11

64. In response to the allegations Contained in Paragraph 63 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 62.

65. The allegations Contained in Paragraph 64 of the Amended Complaint are denied.

66. The allegations Contained in Paragraph 65 of the Amended Complaint are denied.

67. The allegations Contained in Paragraph 66 of the Amended Complaint are denied.

68. The allegations Contained in Paragraph 67 of the Amended Complaint are denied.

## COUNT XI

## (NEGLIGENT SUPERVISION, HIRING AND NEGLIGENT RETENTION)

69. In response to the allegations Contained in Paragraph 68 of the Amended Complaint, the Defendants incorporate by reference all admissions and denials made in response to Paragraphs 1 through 67.

70. The allegations Contained in Paragraph 69 of the Amended Complaint are denied.

71. The allegations Contained in Paragraph 70 of the Amended Complaint are denied.

72. The allegations Contained in Paragraph 71 of the Amended Complaint are denied.

73. The allegations Contained in Paragraph 72 of the Amended Complaint are denied.

## COUNT XII

## (DAMAGES)

74. The allegations contained in Paragraph 73 of the Amended Complaint, including subparts a. through d., are denied.

75. In response to the last unnumbered Paragraph of the Amended Complaint entitled "WHEREFORE, PREMISES CONSIDERED", including subparts a. through e., Defendants deny that they are in any way liable to Plaintiff for any of the alleged violations or injuries of which they complain, and these Defendants further deny that are in any way liable to Plaintiff for any damages, compensatory or punitive, cost of court, expenses, interest, or attorney fees, or any other sums whatsoever.

The Defendants deny any and all paragraphs in the Amended Complaint, regardless of paragraph number, or lack thereof. And now having fully answered the Amended Complaint, paragraph by paragraph, the Defendants set forth the following alternative affirmative defenses:

I.

Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

II.

The Defendants plead all applicable privileges and immunities under both state

and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiffs' Amended Complaint.

III.

To the extent the Amended Complaint raises any claims under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; all limitations on liability contained therein; and all prohibitions against individual liability.

IV.

At all relevant times, Lee Oatis Jackson was acting outside the course and scope of his employment and therefore, the Defendants can have no liability herein.

V.

Defendants specifically deny each and every material allegation of the Amended Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

VI.

Defendants would show that the Amended Complaint, to the extent that it seeks punitive or exemplary damages, violates certain provisions of the Constitution of the

United States and the Mississippi Constitution, including, but not limited to, the following:

It violates Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi;

It further violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi;

It violates the Fourteenth Amendment as said Amendment guarantees Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing Defendants on the basis of wealth.

VII.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants and to the extent that Defendants are subjected to criminal sanction through punitive damages, the burden of proof for imposing punitive damages is "beyond reasonable doubt." Defendants would affirmatively show that Plaintiffs are not entitled to recover punitive damages against them pursuant to 42 U.S.C. §1983.

VIII.

Plaintiff cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivation of which he complains, and therefore he cannot maintain a claim against

these Defendants pursuant to 42 U.S.C. §1983.

IX.

Defendants would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given to them by law enforcement officers acting in their official capacities. By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonable in light of the officers' own need to ensure their safety as well as to preserve order within the Harrison County Adult Detention Center.

X.

Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, Defendants would show that any and all policies and procedures pertaining to hiring, training, and the operation of the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable and conformed with any and all constitutional standards and/or requirements.

XI.

Defendants Sheriff George Payne, Jr., Major Dianne Gaston-Riley, Captain Phillip Taylor, and Captain Rick Gaston would show that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendants would further show that they did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XII.

The Defendants would show and aver that same or all of the Plaintiff's damages incurred, the same being denied, were solely, directly and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than the Defendants and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve the Defendants herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against the Defendants.

XIII.

That the damages allegedly sustained by Plaintiff are speculative and are not recoverable.

XIV.

That the Defendant reserves his right to setoff and/or credit for any sums paid to Plaintiff and arising out of this incident.

XV.

Defendants further reserve the right to amend and supplement this Answer and Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Amended Complaint, Defendants respectfully requests that they be dismissed from this civil action with their proper costs.

  RESPECTFULLY SUBMITTED, this 8th day of February, 2007.

           **SHERIFF GEORGE PAYNE, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; MAJOR DIANNE GASTON-RILEY, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY; CAPTAIN RICH GASTON, BOOKING SUPERVISOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; AND LEE OATIS JACKSON, IN HIS OFFICIAL CAPACITY, ONLY**

      BY: DUKES, DUKES, KEATING & FANECA, P.A.


      BY: *s/Cy Faneca*
         CY FANECA


CY FANECA,  MSB #5128
TRACE D. MCRANEY, MSB #9905
DUKES, DUKES, KEATING & FANECA, P.A.
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Counsel for Plaintiff:
        Melvin G. Cooper, Esq.
        178 Main Street, Suite 104
        Biloxi, MS 39530

    Counsel for Harrison County:
        Joseph R. Meadows, Esq.
        Post Office Drawer 550
        Gulfport, MS   39502

This, the 8th day of February, 2007.

                                        _s/Cy Faneca_
                                        CY FANECA