```
        IN THE UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 SOUTHERN DIVISION
```

**BOBBY J. GOLDEN**                                          **PLAINTIFF**

**VERSUS**                                  **CASE NO. 1:06-CV-01006LG-JMR**

**HARRISON COUNTY, MISSISSIPPI; SHERIFF
GEORGE PAYNE, OFFICIALLY AND IN HIS
INDIVIDUAL CAPACITY; LEE OATIS JACKSON;
OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;
MAJOR DIANNE GATSON-RILEY, OFFICIALLY AND
IN HER INDIVIDUAL CAPACITY; CAPTAIN RICK
GASTON, BOOKING SUPERVISOR; CAPTAIN PHILIP
TAYLOR, OFFICIALLY AND IN HIS INDIVIDUAL
CAPACITY; JOHN DOES 1-5, OFFICIALLY AND IN
THEIR INDIVIDUAL CAPACITY**                                **DEFENDANTS**

## ANSWER OF HARRISON COUNTY TO AMENDED COMPLAINT

COMES NOW Harrison County, Mississippi, through its duly constituted and elected Board of Supervisors (hereafter "Harrison County") through its attorney of record, Karen J. Young, of Meadows Riley Law Firm and files this its separate Answer to the Amended Complaint presented against it, and shows the following:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which this Court can grant relief pursuant to Federal Rules of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Defendant Harrison County, acting through its Board of Supervisors, is entitled to sovereign and qualified immunity,

pursuant to Miss. Code Ann. § 11-46-9, et. seq., specifically sections 1(b), (c), (d), (e), (f), (g) and (m).

### THIRD AFFIRMATIVE DEFENSE

Harrison County invokes and claims sovereign and qualified immunity from any federal and state law claim for damages by Plaintiff, as made and provided in Miss. Code Ann. § 11-46-1, et. seq.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant states that Plaintiff's damages, if any, were caused by persons whom this Defendant does not control, or have any right to control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is subject to the exclusive remedy provisions of § 11-46-7 and § 11-46-15 of the 1972 Miss. Code Ann. (Supp. 1996).

### SIXTH AFFIRMATIVE DEFENSE

This Defendant cannot be held liable under the Doctrine of Respondeat, Superior in accordance with 42 U.S.C. § 1983.

### SEVENTH AFFIRMATIVE DEFENSE

Harrison County cannot be held liable for the actions or inaction of the Defendant Lee Otis Jackson, who was acting outside the course and scope of his employment with the Harrison County Sheriff's Department, when the acts which are the subject of this Amended Complaint occurred.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrine of contributory/comparative negligence on the part of the Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Amended Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by this Defendant. The Defendant neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendant states Plaintiff cannot recover punitive damages against this Defendant because it would violate Section 28 of the Mississippi Constitution, provisions of the Constitution of the United States of America, and §11-46-15 of the 1972 Miss. Code Ann. (Supp. 1996), to which Plaintiff's damages are limited.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged damages to Plaintiff were the result of a pre-existing medical condition or conditions of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Without waving any defenses to which it is entitled, Harrison County responds to the Amended Complaint as follows:

1. Admitted.

## PARTIES

2.   Harrison County admits it is a political subdivision of the State of Mississippi. The remaining allegations of paragraph 2 are denied.

3.   Admitted.

4.   Admitted.

5.   Harrison County admits Defendant, Major Diane Gaston-Riley, was a former warden of the Harrison County Adult Detention Center. The remaining allegations of paragraph 5 are denied.

6.   Harrison County admits the Defendant, Captain Rick Gaston, is an employee of the Harrison County Sheriff's Department. Harrison County admits Rick Gaston is an adult resident citizen of Harrison County. The remaining allegations of paragraph 6 are denied.

7.   Harrison County admits the Defendant, Captain Phillip Taylor is an adult resident citizen of Harrison County, Mississippi and may be served with lawful process at his place of employment at the Harrison County Adult Detention Center. The remaining allegations of paragraph 7 are denied.

8.   Denied.

## JURISDICTION AND VENUE

9.   Harrison County admits this Court has jurisdiction over the allegations in the Amended Complaint. The remaining allegations of paragraph 9 are denied.

## STATEMENT OF FACTS

10.  Admitted.

11.  Admitted.

12.  Harrison County is without knowledge or information sufficient to form a belief as the truth as to the averments of this paragraph and deny the same.

13.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

14.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

15.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

16.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

17.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

18.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

19.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

20.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

21.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

22.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

23.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

24.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and deny the same.

COUNT I: VIOLATION UNDER 42 U.S.C. § 1983

25.   Harrison County adopts and incorporates its answers to paragraphs 1 through 24 above.

26.   Denied.

27.   Denied.

28.   Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

COUNT II: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

34. Harrison County adopts and incorporates its Answers paragraphs 1 through 33 above.

35. Denied.

36. Denied.

37. Denied.

COUNT III: ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY

38. Harrison County adopts and incorporates its Answers to paragraphs 1-37 above.

39. Denied.

40. Denied.

41. Denies.

COUNT IV: FAILURE TO ADEQUATELY TRAIN AND SUPERVISE

42. Harrison County adopts and incorporates its Answers to paragraphs 1-41 above.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT V: BATTERY

49. Harrison County adopts and incorporates its Answers to paragraphs 1-48 above.

50. Denied.

51. Denied.

## COUNT VI: ASSAULT

52. Harrison County adopts and incorporates its Answers to paragraphs 1-51 above.

53. Denied.

54. Denied.

## COUNT VII: CIVIL CONSPIRACY

55. Harrison County adopts and incorporates its Answers to paragraphs 1-54 above.

56. Denied.

57. Denied.

## COUNT VIII: OUTRAGE

58. Harrison County adopts and incorporates its Answers to paragraphs 1-57 above.

59. Denied.

## COUNT IX: INTENTION (SIC) INFLICTION OF EMOTIONAL DISTRESS

60. Harrison County adopts and incorporates its Answers to

-8-

paragraphs 1-59 above.

    61.  Denied.

    62.  Denied.

### COUNT X: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

    63.  Harrison County adopts and incorporates its Answers to paragraphs 1-62 above.

    64.  Denied.

    65.  Denied.

    66.  Denied.

    67.  Denied.

### COUNT XI: NEGLIGENT SUPERVISION, HIRING, AND NEGLIGENT RETENTION

    68.  Harrison County adopts and incorporates its Answers to paragraphs 1-67 above.

    69.  Denied.

    70.  Denied.

    71.  Denied.

    72.  Denied.

### COUNT XII: DAMAGES

    73.  Harrison County denies each and every allegation in paragraph 73, sub-paragraphs a, b, c, and d.

### RELIEF DEMANDED

    74.  Harrison County denies each and every allegation in the "WHEREFORE PREMISES" clause, and denies Plaintiff is entitled to any damages whatsoever, and specifically denies sub-paragraphs a,

b, c, d, and e.

### THIRTEENTH AFFIRMATIVE DEFENSE

Harrison County denies Plaintiff's request for injunctive relief and would show Plaintiff failed to properly file a Motion for Injunctive Relief and to post the bond as required.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 1983, and the Mississippi State Tort Claims Act, Plaintiff cannot recover exemplary damages, punitive damages, attorney fees, interest and costs.

WHEREFORE, Harrison County files this its separate Answer to the Amended Complaint presented against it, and upon hearing, moves to dismiss it with prejudice, with costs assessed against the Plaintiff as provided by law.

RESPECTFULLY SUBMITTED, this the 14th day of February, 2007.

**HARRISON COUNTY, MISSISSIPPI**

**MEADOWS RILEY LAW FIRM**

/s/ *Karen J. Young*
KAREN J. YOUNG

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS RILEY LAW FIRM
P. O. Drawer 550
1720 23rd Avenue
Gulfport, MS 39502
(228) 864-4511; (228) 868-2178 (Fax)

**CERTIFICATE**

I, Karen J. Young, do hereby certify that I have this day electronically filed the above and foregoing instrument, and copies will be forwarded electronically to each of the parties as follows:

>Melvin G. Cooper, Esq.
>178 Main Street, Suite 204
>Biloxi, MS 39530
>
>Cy Faneca, Esq.
>Dukes, Dukes, Keating & Faneca, P. A.
>P. O. Drawer W
>Gulfport, MS 39502

SO CERTIFIED this the 14th day of February, 2007.

>/s/ *Karen J. Young*
>KAREN J. YOUNG