IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BOBBY JOE GOLDEN, JR.**                            **PLAINTIFF**

**VERSUS**                                               **CASE NO. 1:06cv1006LG-JMR**

**RICK GASTON, ET AL.**                           **DEFENDANTS**

**DEFENDANT RICK GASTON'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**COMES** now Rick Gaston, by and through his counsel, and files his memorandum of authorities in support of his motion for summary judgment in the above styled cause and would show unto the Court the following, to wit:

**FACTUAL BACKGROUND**

On October 6, 2006, Bobby Joe Golden (Plaintiff) filed a complaint in the United States District Court for the Southern District of Mississippi, Southern Division.[1] Among others, Plaintiff named Rick Gaston as one of the named Defendants in the above styled cause.[2] Rick Gaston was the Supervisor of Booking, with the rank of Captain, at the Harrison County Adult Detention Center at all relevant times herein.

Plaintiff alleges in his complaint that the named Defendants, while acting under color of law, implemented a policy which resulted in the deprivation of Plaintiff's rights, privileges, and immunities.[3] Further, Plaintiff alleges that Plaintiff was denied due process of law by the named Defendants. In particular, Plaintiff claims violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution as well as violations of his rights under 42 U.S.C. §§ 1983, 1985,

---

[1] See Document #1-3 on Civil Docket for 1:06-cv-1006-LG-JMR pending in the U.S. District Court, Southern District of Mississippi, Southern Division

[2] *Id.*

[3] See Document #1-3 on Civil Docket for 1:06-cv-1006-LG-JMR; Pp. 5

1

and 1986.

Plaintiff has an arrest and conviction for burglary, for which he served four years in prison, as well as two DUIs. On Friday, February 26, 2007, after getting off work, Plaintiff went to a club and began drinking.[4] At approximately 10:00 P.M., Plaintiff went to his girlfriend Nadia Cenales's house after admittedly drinking twelve or more beers.[5] Plaintiff admits that he was drunk.[6] Plaintiff and Ms. Cenales got into an argument because another man was in the apartment and Ms. Cenales's roommate called the police.[7] Plaintiff admits to assaulting Ms. Cenales.[8]

When the police arrived, Ms. Cenales explained that Plaintiff assaulted her and an officer handcuffed Plaintiff and put him in a police car.[9] After arriving at the Harrison County Adult Detention Center, Plaintiff was placed in a holding cell. Shortly thereafter, Plaintiff began banging on the glass in his holding cell door and the unidentified officer repeatedly told him to stop banging on the door.[10] Plaintiff asked to make a phone call and the unidentified officer explained that Plaintiff would get a phone call after he was processed.[11] Plaintiff continued to bang on the glass window located on the holding cell and also continued to ask for a phone call.[12] The unidentified officer responded to quell the disturbance, but was unable to do when Plaintiff disobeyed the officer's orders to stop yelling and banging on the glass.[13] Plaintiff alleges that he was assaulted by the unnamed officer after the unnamed officer entered the holding cell in which Plaintiff was located and sprayed with pepper spray. However,

---

[4] **See Exhibit "A"** - Selected excerpts taken from Bobby J. Golden deposition, Pp. 20
[5] Golden deposition, Pp. 21
[6] Golden deposition, Pp. 20
[7] Golden deposition, Pp. 22
[8] Golden deposition, Pp. 28
[9] Golden deposition, Pp. 29
[10] Golden deposition, Pp. 31
[11] Golden deposition, Pp. 32
[12] *Id.*
[13] Golden deposition, Pp. 35

Plaintiff admits that he was drunk, angry that he was in jail, and noncompliant with the officers orders.[14]

Plaintiff was later relocated to a classification block. While in the classification block, Plaintiff alleges that he was assaulted by three juvenile inmates who were returning to their cell block after recreation.[15] The alleged assault with juveniles did not occur in booking.[16] No correctional officer who worked at booking in the Harrison County Adult Detention Center at the time of the alleged assault were present.[17] Rick Gaston was not present at the time of the juvenile incident, nor was Rick Gaston present for any of the incident Plaintiff complains of.[18] Also, after the alleged assault, Plaintiff was escorted to Captain Taylor's office for questioning in conjunction with an investigation of the alleged assault.[19] Plaintiff was later escorted to the nurse's office where he was treated for his injuries.[20]

The day after the alleged juvenile incident, Plaintiff alleges that he was assaulted by Deputy Lee Oatis Jackson.[21] Deputy Lee Oatis Jackson was not working in the Booking department at the Harrison County Adult Detention Center at the time of the alleged assault.[22] After the alleged assault, Officer Jackson returned Plaintiff to his cell block and ordered that Plaintiff be moved to isolation.[23] At that point, Plaintiff admittedly began resisting.[24] Another unidentified officer escorted Plaintiff to isolation.[25] After fifteen (15) days in isolation, Plaintiff was released from Harrison County Adult Detention Center.[26] Plaintiff admits that he did not file any grievances while incarcerated at the Harrison County

---

[14] Golden deposition, Pp. 45
[15] Golden deposition, Pp. 54
[16] Golden deposition, Pp. 122-123
[17] Golden deposition, Pp. 119-120
[18] Golden deposition, Pp. 137
[19] Golden deposition, Pp. 54
[20] Golden deposition, Pp. 62-63
[21] Golden deposition, Pp. 69
[22] Golden deposition, Pp. 119
[23] Golden deposition, Pp. 73
[24] *Id.*
[25] Golden deposition, Pp. 75
[26] Golden deposition, Pp. 69

Adult Detention Center.[27]

Plaintiff plead guilty to domestic violence and simple assault on March 1, 2005. Plaintiff was sentenced to 180 days in jail with 165 days suspended and was ordered to pay a $622 fine.[28]

With respect to Plaintiff's allegations, he claims that Rick Gaston, while acting under color of law, implemented a policy, custom, usage or practice which violated the rights, privileges and immunities of Plaintiff.[29] Plaintiff further alleges that Rick Gaston was involved in a conspiracy to cover-up the beating of Plaintiff which was intended to punish and brutalize Plaintiff.[30] Plaintiff alleges that there was a belief, practice, usage, or custom at the Harrison County Adult Detention Center that it was okay to beat arrestees.[31] Plaintiff alleges that Rick Gaston knew, or reasonably should have known, prior to the attack on Plaintiff, that such activity regularly took place at the Harrison County Adult Detention Center.[32] Plaintiff further alleges a failure to train and supervise Harrison County Adult Detention Center officers.[33] However, during Plaintiff's deposition, and with respect to Rick Gaston, he admitted the following:

1) Plaintiff can't remember whether he has ever spoken with Rick Gaston before;[34]

2) Rick Gaston never touched Plaintiff;[35]

3) Plaintiff has no personal knowledge that Rick Gaston was aware of the alleged incident that took place in the holding cell;[36]

---

[27] Golden deposition, Pp. 83

[28] **See Exhibit "B"** - Gulfport Municipal Court Judgment on Plea - Docket Number 05-03-01

[29] See Document #1-3 on Civil Docket for 1:06-cv-1006-LG-JMR; Pp. 5

[30] See Document #1-3 at Pp. 7

[31] See Document #1-3 at Pp. 8

[32] *Id.*

[33] Document #1-3 on Civil Docket for 1:07cv539LG-JMR, Pp. 9

[34] Golden deposition, Pp. 120

[35] Golden deposition, Pp. 121

[36] Golden deposition, Pp. 127

4)     Rick Gaston was not present at the time of the alleged incident that took place in the holding cell;[37]

5)     Lee Oatis Jackson does not work in booking;[38]

6)     Plaintiff is not aware of any Booking correctional officer that was present at the Harrison County Adult Detention Center when the incident with the juveniles transpired;[39]

7)     Plaintiff has no personal knowledge that Rick Gaston made an agreement with anyone at the Harrison County Adult Detention Center to have him physically harmed; furthermore, Plaintiff has no reason to dispute that Rick Gaston did not make such an agreement;[40]

8)     Rick Gaston never used excessive force against Plaintiff;[41]

9)     Plaintiff has no personal knowledge of any official policies or customs at the Harrison County Adult Detention Center;[42]

10)     Rick Gaston was not present for any of the incidents that Plaintiff alleges in his complaint;[43]

11)     Plaintiff did not hear any officer at the Harrison County Adult Detention Center talk about physically assaulting him;[44]

12)     Plaintiff does not have any personal knowledge that Rick Gaston wanted to cause him physical injury;[45]

---

[37] Golden deposition, Pp. 127
[38] Golden deposition, Pp. 119
[39] Golden deposition, Pp. 119-120
[40] Golden deposition, Pp. 134
[41] Golden deposition, Pp. 136-137
[42] Golden deposition, Pp. 137
[43] *Id.*
[44] Golden deposition, Pp. 139
[45] *Id.*

13)       Plaintiff has no personal knowledge that Rick Gaston acted recklessly with respect to training his subordinates at the Harrison County Adult Detention Center;[46]

14)       Plaintiff does not have any personal knowledge that Rick Gaston knew about any of the incidents alleged in his complaint.[47]

Rick Gaston confirms Plaintiff's admissions. In Rick Gaston's affidavit, he states:

1)       Rick Gaston never talked to Bobby Joe Golden;[48]

2)       Rick Gaston never heard Bobby Joe Golden speak;[49]

3)       Rick Gaston has never heard, been made aware of, nor had any knowledge of any misconduct in the Booking Department, or by any of the Booking Department Officials, at the Harrison County Adult Detention Center at all relevant times to this lawsuit;[50]

4)       Rick Gaston has never heard, been made aware of, nor had knowledge of any mistreatment to Bobby Joe Golden by any employee employed in the Booking Department at the Harrison County Adult Detention Center at all times relevant to this lawsuit;[51]

5)       At all relevant times in this lawsuit, Rick Gaston was acting within the course and scope of his employment as Supervisor of Booking, with the rank of Captain, at the Harrison County Adult Detention Center;[52]

6)       At all relevant times in this lawsuit, Rick Gaston and his subordinates were abiding by official policy at the Harrison County Adult Detention Center;[53]

---

[46] *Id.*

[47] Golden deposition, Pp. 139-140

[48] **See Exhibit "C"** - (Rick Gaston Affidavit) Pp. 1, Paragraph 2

[49] Rick Gaston Affidavit, Pp. 1, Paragraph 3

[50] Rick Gaston Affidavit, Pp. 1, Paragraph 4

[51] Rick Gaston Affidavit, Pp. 1, Paragraph 5

[52] Rick Gaston Affidavit, Pp. 1, Paragraph 6

[53] Rick Gaston Affidavit, Pp. 1-2, Paragraph 7

7)  Rick Gaston did not conspire with any individual to harm Bobby Joe Golden;[54]

8)  Rick Gaston is not aware of any instance wherein any of his subordinates while employed as Booking Supervisor at the Harrison County Adult Detention Center, at all relevant times herein, spoke of harming any inmate, including Bobby Joe Golden;[55]

9)  Rick Gaston is not, and was not, aware of any pattern of misconduct by Booking officers at the Harrison County Adult Detention Center at all relevant times in this lawsuit.[56]

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Once a properly supported summary judgment motion has been filed, the burden shifts to the party opposing to "set forth specific facts showing that there is a genuine issue for trial."[57] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine dispute as to any material fact."[58]

## SUMMARY OF LEGAL ARGUMENT

Bobby Joe Golden has not created a genuine issue of material fact as to any of the causes of action he asserts against Rick Gaston in the above styled cause. First, Bobby Golden has not put forth any evidence that Rick Gaston was aware of any misconduct by Rick Gaton's subordinates. As such, Rick Gaston is entitled to qualified immunity. Second, Bobby Golden has not created a genuine issue of material fact in his Section 1983 allegations against Rick Gaston because Bobby Golden has put forth no

---

[54] Rick Gaston Affidavit, Pp. 2, Paragraph 8
[55] Rick Gaston Affidavit, Pp. 2, Paragraph 9
[56] Rick Gaston Affidavit, Pp. 2, Paragraph 10
[57] Fed. R. Civ. P. 56(c)
[58] *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248 (1986)

evidence that he acted with reckless indifference towards monitoring his subordinates.  Furthermore, regarding a failure to prevent the alleged attack of Golden by inmates, Golden has produced no evidence that Rick Gaston was reckless in a criminal sense.  Third, Roderick Miller failed to allege racial animus under his Section 1985 claim, and a Plaintff must allege racial animus in order to prevail under a section 1985 claim.  Fourth, Bobby Golden's Section 1986 claim fails because a Plaintiff must state a cognizable claim under Section 1985.  Because Bobby Golden has not alleged racial animus under Section 1985, he has failed to state a cognizable claim thereunder, and thus he does not have a cause of action against Rick Gaston under Section 1986. Finally, Rick Gaston is entitled to immunity under Miss..Code.Ann. 11-46-9(1)(m) because Rick Gaston was within the course and scope of his employment at all relevant times herein.  Miss.Code.Ann. 11-46-9(1)(m) provides that prison officials are immune from liability within the course and scope of their employment.  Bobby Golden asserted various common law tort claims against Rick Gaston, but cannot prevail on any here because Roderick Miller can not dispute that Rick Gaston, at all relevant times herein, was operating within the course and scope of his employment.

## LEGAL ARGUMENT

**I.    Rick Gaston is entitled to Qualified Immunity because Bobby Joe Golden has not produced any evidence that all reasonable officials under Rick Gaston's circumstances would have realized a constitutional violation.**

When an officer raises a qualified immunity defense, the Fifth Circuit engages in a bifurcated, two part test.[59]  First, the Plaintiff must allege a violation of a clearly established constitutional right.[60]  In terms of being "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right."[61]

Second, if the Plaintiff makes such an allegation, a decision is made as to whether the

---

[59] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir.  1992)

[60] *Siegert v. Gilley*, 111 S.Ct. 1789, 1793

[61] *Goodson v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000)

Defendant's conduct was "objectively reasonable," because "[e]ven if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable."[62] The official's conduct is "objectively reasonable" if a "reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and clearly established law."[63] This means that "[e]ven law enforcement officials who reasonably, but mistakenly [commit a constitutional violation] are entitled to immunity.[64]

For qualified immunity purposes, a defendant official's acts will be held objectively reasonable unless it can be said that **all** reasonable officials in the defendant's circumstances, which include facts known to the defendant, would have then realized the defendant's conduct violated the Constitution or federal statute.[65] Thus, "[w]hen the defendant moves for summary judgment based on qualified immunity, it is the plaintiff's burden to demonstrate that **all** reasonable officials similarly situated **would have then known** that the alleged acts of the defendants violated the United States Constitution."[66]

Turning to the objective reasonableness standard, Bobby Golden has produced no evidence that Rick Gaston had knowledge, whether actual or constructive, of any alleged misconduct by his subordinates at all relevant times herein. Bobby Golden admitted that Rick Gaston was not present for any of the incidents that Plaintiff alleges in his complaint and that he has no personal knowledge that Rick Gaston was aware of any of the incidents of which Golden complains.[67] In Rick Gaston's affidavit, Rick Gaston not only states that he had no knowledge of the alleged incidents of which Golden complains, but also that he has no knowledge of any incidents involving misconduct by his

---

[62] *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993) (quoting *Salas*, 980 F.2d at 310)

[63] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)

[64] *Id.*

[65] *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)

[66] *Id.* (Emphasis added)

[67] Golden deposition, Pp. 137-140

9

subordinates.[68]  Bobby Golden has not produced any evidence which rebuts Rick Gaston's averments in Rick Gaston's affidavit.  As such, Roderick Miller has failed to meet his burden to show that all reasonable officials similarly situated would have known of a constitutional violation.  As such, Rick Gaston is entitled to qualified immunity.

II.     **Bobby Golden has not created a genuine issue of material fact that Rick Gaston failed to adequately train or supervise his subordinates under 42 U.S.C. § 1983 because Bobby Golden has not put forth any evidence that Rick Gaston acted with "reckless indifference."**

Bobby Golden alleges in his complaint that all Defendants, including Rick Gaston, implemented a policy, custom, usage, or practice which violated the rights, privileges and immunities of Plaintiff.  Specifically, Bobby Golden alleges that he was denied rights to substantive and procedural due process under the Fifth and Fourteenth Amendments of the U.S. Constitution, as well as his right against cruel and unusual punishment pursuant to the Eighth Amendment of the U.S. Constitution.  In particular, Bobby Golden alleges not only that officers at the Harrison County Adult Detention Center subjected him to excessive force, but also that same officers failed to protect him from an attack by fellow inmates.  Since Bobby Golden has admitted that Rick Gaston was not present when any of the alleged physical assaults occurred, the issue squarely before this Court now is whether Rick Gaston can be liable for his subordinates acts or omissions under 42 U.S.C. Section 1983.

The gist of Bobby Golden's Section 1983 claims against Rick Gaston center around the issue of whether Rick Gaston, as a supervisory officer, can be held liable for the alleged misconduct of his subordinates in Booking.  A supervisory official can only be held liable for his own inaction or action, including allegedly failing to supervise his subordinate, if the action or inaction amounts to gross negligence or deliberate indifference, and is the proximate cause of the constitutional violation.[69]  "'Deliberate indifference,'" in the context of § 1983, entails a greater culpability level than mere

---

[68] Rick Gaston Affidavit
[69] *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982)

negligence.[70] The Fifth Circuit has stated that, "[f]or an official to act with deliberate indifference, **the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."**[71]

Bobby Golden has put forth absolutely no evidence that Rick Gaston was "aware" of any misconduct. In fact, Plaintiff admits that he has no personal knowledge that Rick Gaston knew about any of the incidents alleged in his complaint. Furthermore, Rick Gaston states in his affidavit that he has never heard, been made aware of, nor had any knowledge of any misconduct in the Booking Department, or by any of the Booking Department Officials, at the Harrison County Adult Detention Center at all relevant times to this lawsuit. Bobby Golden also admits that he has no personal knowledge that Rick Gaston acted recklessly with respect to training his subordinates at the Harrison County Adult Detention Center. Furthermore, Bobby Golden admits that Deputy Lee Oatis Jackson did not work in booking and thus was not one of Rick Gaston's subordinates. As such, Bobby Golden has not created a genuine issue of material fact that Rick Gaston monitored his subordinates with gross negligence or deliberate indifference.

Further, Bobby Golden can not dispute that the correctional officers in booking used a reasonable degree of force based on Bobby Golden's non-compliant and intoxicated conduct. Booking officers used OC spray due to Bobby Golden's non-compliance with their clear orders. Ken Katsaris, Rick Gaston's expert designated in the field of corrections and correctional facilities opined about the use of OC spray, to wit:

> "Bobby Joe Golden, while being booked into the Harrison County Adult Detention Center for domestic violence and related charged also engaged in physical and verbal resistance with booking officers, resulting in OC spray being used as a low level force option to control his resistance. The use of OC spray even prior to the physical force options is a recognized and accepted police practice throughout the U.S. Therefore, it is my opinion that Golden's physical

---

[70] *Whiting v. Tunica County*, 222 F.Supp.2d 809, 817 (N.D.Miss 2002)

[71] *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (Emphasis added)

11

and verbal resistance in the booking area was appropriately, and objectively reasonably responded to, and within policy."[72]

Bobby Golden has not put forth any evidence to rebut the force used upon him in booking while he was incarcerated at the Harrison County Adult Detention Center. As such, Bobby Golden has not raised a genuine issue of material fact that Rick Gaston's subordinates acted unreasonably.

III.  **Bobby Golden has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights under 42 U.S.C. § 1983 because Bobby Golden has not put forth any evidence that Rick Gaston acted with "reckless indifference" towards Bobby Golden nor has Bobby Golden put forth evidence that Rick Gaston was "reckless in a criminal sense" nor has Bobby Golden put forth evidence that the force used against him in booking was "excessive."**

Bobby Golden also alleges in his complaint that he was subjected to cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution. The U.S. Supreme Court has held that the Plaintiff must demonstrate two (2) requirements before a prison official can be held liable to an inmate for an Eighth Amendment violation. First, the deprivation of the right must be "sufficiently serious."[73] Second, the Plaintiff must show that the prison official acted with "deliberate indifference" to the inmate.[74] The U.S. Supreme Court defined "deliberate indifference" in the context of Eighth Amendment violations as "subjective recklessness." Subjective recklessness means that the official has disregarded a risk of harm of which he is aware.[75] Furthermore, in terms of a failure to prevent inmate assaults, the Supreme Court has held that the Eighth Amendment is violated only if prison officials were "reckless in a criminal sense."[76] For a prison official to be reckless in a criminal sense, the official must have "actual knowledge" of a potential danger, and the Plaintiff lacked such knowledge because the official never expressed safety concerns.[77]

---

[72] **See Exhibit "D" -** Report of W. Ken Katsaris, Pp. 4, Paragraph 2
[73] *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)
[74] *Farmer v. Brennan*, 511 U.S. 825 (1994)
[75] *Id.*
[76] *Farmer v. Brennan*, 511 U.S. 825 (1994)
[77] *Id.*

Bobby Golden has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights for several reasons. First, Bobby Golden has not presented any evidence that the force used against him by the unidentified Booking officer was excessive. Second, Bobby Golden cannot dispute that Rick Gaston did not act with deliberate indifference towards Bobby Golden. Finally, Bobby Golden cannot dispute that Rick Gaston had no knowledge of the alleged assault by the inmates thus Bobby Golden cannot dispute that Rick Gaston had no "actual knowledge" of a potential danger.

Bobby Golden cannot dispute that the force used against him by the unidentified officer in booking was reasonable. Ken Katsaris, who is an expert in the field of corrections and correction officers, stated that, "Bobby Joe Golden, while being booked into the Harrison County Adult Detention Center for domestic violence and related charges also engaged in physical and verbal resistance with booking officers resulting in OC spray being used as a low level force option to control his resistance."[78] Katsaris further states that "[t]he use of OC spray even prior to physical force options is a recognized and accepted police practice throughout the U.S." [79] Therefore, Katsaris opines that the use of OC spray was appropriately and objectively reasonably responded to. Golden has not put forth any evidence to dispute Katsaris's opinion. As such, Bobby Golden has not created a genuine issue of material fact that Bobby Golden was subjected to excessive force by the Booking officer at all relevant times herein.

Bobby Golden has not put forth any evidence that Rick Gaston acted with "deliberate indifference" towards him, and thus Bobby Golden has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights. Bobby Golden must demonstrate that Rick Gaston subjectively was aware of the misconduct of which Bobby Golden complains. In fact, an inquiry into Rick Gaston's "state of mind" at the time of the alleged incidents herein is mandatory.[80] Because Bobby

---

[78] Affidavit of W. Ken Katsaris, Pp. 4, Paragraph 2
[79] *Id.*
[80] *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)

13

Golden has not disputed any of Rick Gaston's assertions in his affidavit which state he had no knowledge of any of the incidents of which Golden complains, Golden has not created a genuine issue of material fact that Rick Gaston acted with "deliberate indifference" towards him.  As such, Bobby Golden has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights against cruel and unusual punishment under 42 U.S.C. Section 1983.

Although Golden's complaint does not seem to allege that Rick Gaston had a duty to protect him from an alleged assault by inmates, Rick Gaston will address this issue in abundance of caution.  In order for a failure to prevent inmate assaults to rise to the level of an Eighth Amendment violation, prison officials must have "actual knowledge" of a potential danger and Plaintiff must lack such knowledge because officials never expressed any safety concerns.[81]  Golden admits that Gaston was not present for any of the alleged incidents of which he complains, and Golden cannot dispute that Rick Gaston had no knowledge of any of the incidents, including the alleged attack by juvenile inmates.  As such, Golden has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights against cruel and unusual punishment under 42 U.S.C. Section 1983.

**IV.    Bobby Golden has not created a genuine issue of material fact that Rick Gaston is subject to liability under 42 U.S.C. Section 1985 because Bobby Golden has not alleged racial discriminatory animus.**

The only provision applicable to Bobby Golden's claims under 42 U.S.C. Section 1985 pertains to 42 U.S.C. Section 1985(3).  42 U.S.C. Section 1985 pertains to conspiracy to interfere with civil rights.  42 U.S.C. Section 1985(1) only applies to "two (2) or more people conspiring to prevent, by force, intimidation, or threat, any person from accepting or holding any office . . . ."  As such, 42 U.S.C. Section 1985(1) is not applicable here because Bobby Golden is not seeking to hold, nor does he hold, public office.  42 U.S.C. Section 1985(2) only applies to deter a party or witness from attending Court.  Since Bobby Golden has not asserted that Rick Gaston deterred him

---

[81] *Farmer v. Brennan*, 511 U.S. 825 (1994)

14

from attending Court, 42 U.S.C. Section 1985(2) is inapplicable here.

42 U.S.C. Section 1985(3) provides that, "[i]f two or more people in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the injured persons may have an action for recovery of damages. . . ."  However, Bobby Golden's deposition summary forecloses any recovery under 42 U.S.C. Section 1985(3) because he admits that any alleged conspiracy was not motivated in a racially discriminatory animus.

It is well established in the Fifth Circuit that the only conspiracies actionable under 42 U.S.C. Section 1985(3) are those motivated by racial animus.[82]  Bobby Golden clearly stated in his deposition testimony that his allegations under 42 U.S.C. Section 1985 were not motivated by racial animus, to wit:

Q:   Okay.  But do you believe they were based on race?  Was it a racial discrimination?

A:   I don't know.  **I don't think so.**[83]

\*\*\*

Because Bobby Golden does not claim that the violation under 42 U.S.C. Section 1985 was in any way motivated by racial animus, he has not created a genuine issue of material fact that he has a viable cause of action for damages under 42 U.S.C. Section 1985.

**V.    Bobby Golden has not created a genuine issue of material fact that Rick Gaston is subject to liability under 42 U.S.C. Section 1986 because Golden has not stated a cognizable claim under 42 U.S.C. Section 1985.**

Bobby Golden cannot recover under 42 U.S.C. Section 1986 because he has not stated a cognizable claim under 42 U.S.C. Section 1985.  If a Plaintiff has not stated a cognizable claim under 42 U.S.C. Section 1985, they may not recover under 42 U.S.C. Section 1986.[84]  Because Bobby Golden has

---

[82] *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754 (5th Cir. 1987)

[83] Golden deposition, Pp. 91 (Emphasis added)

[84] *Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975) citing *Dowsey v. Wilkins*, 467 F.2d 1022 (5th Cir. 1972)

not alleged that any of the alleged violations under 42 U.S.C. Section 1985 were motivated by racial animus, he has not stated a viable claim thereunder. As such, Golden cannot recover under 42 U.S.C. Section 1986.

**VI.    Bobby Golden can not maintain his state law common law tort claims for Failure to Adequately Train and Supervise, Battery, Assault, Civil Conspiracy, Outrage, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Negligent Supervision, Hiring and Negligent Retention against Rick Gaston because Rick Gaston is entitled to immunity under Miss.Code.Ann. 11-46-9(1)(m)**

Miss.Code.Ann. 11-46-9(1) enumerates several types of government conduct and entities that are immune from liability from any claim. Particularly relevant here is Miss.Code.Ann. 11-46-9(1)(m), which provides that,

> "A government entity and its employees acting within the course and scope of their employment duties shall not be liable for any claim ... [o]f any claimant
> who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed."

Bobby Golden has not produced any evidence that Rick Gaston was acting outside the course or scope of his employment. Further, Bobby Golden can not dispute Rick Gaston's assertion in his affidavit which states that, at all relevant times herein, Rick Gaston was acting within the course and scope of his employment.[85] As such, Rick Gaston is entitled to immunity from liability under Miss.Code.Ann. 11-46-9(1)(m). In particular, Rick Gaston is immune from liability for the state law common law torts for Failure to Adequately Train and Supervise, Battery, Assault, Civil Conspiracy, Outrage, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Negligent Supervision, Hiring and Negligent Retention.

## CONCLUSION

Bobby Joe Golden has not created a genuine issue of material fact as to any of the causes of

---

[85] Rick Gaston Affidavit

action he asserts against Rick Gaston in the above styled cause.  First, Bobby Golden has not put forth any evidence that Rick Gaston was aware of any misconduct by Rick Gaton's subordinates.  As such, Rick Gaston is entitled to qualified immunity.  Second, Bobby Golden has not created a genuine dispute of material fact in his Section 1983 allegations against Rick Gaston because Bobby Golden has put forth no evidence that he acted with reckless indifference towards monitoring his subordinates.  Furthermore, regarding a failure to prevent the alleged attack of Golden by inmates, Golden has adduced no evidence that Rick Gaston was reckless in a criminal sense.  Third Roderick Miller failed to allege racial animus under his Section 1985 claim, and a Plaintff must allege racial animus in order to prevail under a section 1985 claim.  Fourth, Bobby Golden's Section 1986 claim fails because a Plaintiff must state a cognizable claim under Section 1985.  Because Bobby Golden has not alleged racial animus under Section 1985, he has failed to state a cognizable claim thereunder, and thus he does not have a cause of action against Rick Gaston under Section 1986. Finally, Rick Gaston is entitled to immunity under Miss..Code.Ann. 11-46-9(1)(m) because Rick Gaston was within the course and scope of his employment at all relevant times herein.  Miss.Code.Ann. 11-46-9(1)(m) provides that prison officials are immune from liability within the course and scope of their employment.  Bobby Golden asserted various common law tort claims against Rick Gaston, but can not prevail on any here because Roderick Miller can not dispute that Rick Gaston, at all relevant times herein, was operating within the course and scope of his employment.

     WHEREFORE, premises considered, Defendant Rick Gaston respectfully requests that this Court grant his motion for summary judgment, and dismiss this cause with prejudice, with Plaintiff to bear all costs.

     RESPECTFULLY SUBMITTED this the 7th day of July 2008.

                                                         S/JIM DAVIS
                                                         JIM DAVIS
                                                         Attorney for Rick Gaston

       **S/IAN BRENDEL**
       IAN BRENDEL,
       Attorney for Rick Gaston

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of July 2008, I electronically filed the foregoing Notice with the Clerk of Court using the ECF system which sent notification of such filing to the following party opposite by U.S. Mail who has been furnished a copy thereof:

Melvin G. Cooper, Esq.
178 Main Street, Suite 104
Biloxi, MS   39530

Cy Faneca, Esq.
Dukes, Dukes, Keating & Faneca, P. A.
P. O. Drawer W
Gulfport, MS  39502

Karen J. Young, Esq.
Matthews Law Firm
P. O. Box 1076
Gulfport, MS   39502

    SO CERTIFIED this the 7th day of July 2008.

       **S/JIM DAVIS**
       JIM DAVIS
       Attorney for Rick Gaston

       **S/IAN BRENDEL**
       IAN BRENDEL,
       Attorney for Rick Gaston

| | |
|---|---|
| JIM DAVIS | IAN BRENDEL |
| MSB #5830 | MSB #102659 |
| 1904 24thAvenue | 1904 24TH Ave. |
| Gulfport, MS 39501 | Gulfport, MS 39501 |
| Phone: 228-864-1588 | Phone: 228-864-1588 |
| Fax: 228-863-5008 | Fax: 228-863-5008 |
| E-Mail: jamesldavisiii@aol.com | Email: ian.brendel@yahoo.com |