### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**BOBBY J. GOLDEN**                                                              **PLAINTIFF**

**VERSUS**                                                      **CASE NO. 1:06cv1006LG-JMR**

**HARRISON COUNTY, MISSISSIPPI;
SHERIFF GEORGE PAYNE, OFFICIALLY
AND IN HIS INDIVIDUAL CAPACITY;
LEE OATIS JACKSON, OFFICIALLY AND
IN HIS INDIVIDUAL CAPACITY; MAJOR
DIANNE GASTON-RILEY, OFFICIALLY
AND IN HER INDIVIDUAL CAPACITY;
CAPTAIN RICK GASTON, BOOKING
SUPERVISOR, OFFICIALLY AND IN HIS
INDIVIDUAL CAPACITY; CAPTAIN
PHILLIP TAYLOR, OFFICIALLY AND IN
HIS INDIVIDUAL CAPACITY; JOHN DOES
1-5, OFFICIALLY AND IN THEIR INDIVIDUAL
CAPACITY**                                                                    **DEFENDANTS**

**MOTION FOR QUALIFIED IMMUNITY AND SUMMARY JUDGMENT ON BEHALF
OF DEFENDANTS, SHERIFF GEORGE PAYNE, DIANNE GATSON RILEY, PHIL
TAYLOR, OFFICIALLY AND IN THEIR INDIVIDUAL CAPACITIES AND LEE OTIS
JACKSON IN HIS OFFICIAL CAPACITY ONLY**

COME NOW, Defendants, Sheriff George Payne, Officially and in his Individual Capacity;

Major Dianne Gatson-Riley, Officially and in her Individual Capacity; Captain Phillip Taylor,

Officially and in his Individual Capacity; and Lee Otis Jackson, in his Official Capacity Only, by and

through the law firm of Dukes, Dukes, Keating & Faneca, P.A., and file this Motion for Qualified

Immunity and Summary Judgment pursuant to the Federal Rules of Civil Procedure, and would show

unto this Honorable Court he following to-wit:

I.

Plaintiff, Bobby J. Golden filed suit on October 6, 2006, and then filed an Amended

Complaint on February 7, 2007, alleging claims pursuant to  28 U.S.C. §1331 and §1334 of the

United States Constitution, 42 U.S.C.  §1983,  §1985, §1986, and §1988.  Plaintiff also seeks

declaratory and injunctive relief pursuant to 28 U.S.C. §1391(b).  Plaintiff claims that Defendants

are liable to him for injuries sustained when (1) he was allegedly sprayed with mace and punched

in the eye by an unknown HCADC Officer in the booking department of the HCADC on February

26, 2005; (2) he was allegedly assaulted by two juvenile detainees at the direction of Defendant

Deputy Lee Otis Jackson on February 26, 2005; and (3) Defendant Deputy Lee Otis Jackson

assaulted Plaintiff in the recreation yard of the HCADC on February 27, 2005.

II.

There is no dispute that, on February 26-27, 2005,  Plaintiff was a pretrial detainee

incarcerated at  HCADC.  See Compl. ¶10 and 11.

III.

The Defendants named in the Complaint are Sheriff George Payne, Officially and in his

Individual Capacity; Major Dianne Gatson-Riley, Officially and in her Individual Capacity; Captain

Phillip Taylor, Officially and in his Individual Capacity; and Lee Otis Jackson, Officially and in his

Individual Capacity.  Sheriff George Payne, Officially and in his Individual Capacity; Major Dianne

Gatson-Riley, Officially and in her Individual Capacity; Captain Phillip Taylor, Officially and in his

Individual Capacity; and Lee Otis Jackson, in his Official Capacity Only, filed their Answer and

Defenses denying any liability for the allegations raised in the Complaint.  This matter is presently

scheduled for trial before the Court beginning on November 10, 2008.

IV.

The Complaint contains the following allegations: Count I - violation under 42 U.S.C. §1983; Count II - Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985); Count III - Action for Neglect or Failure to Prevent Conspiracy (42 U.S.C. § 1986); Count IV - Failure to Adequately Train and Supervise; Count V - Battery; Count VI - Assault; Count VII - Civil Conspiracy; Count VIII; Outrage; Count IX - Intentional Infliction of Emotional Distress; Count X - Negligent Infliction of Emotion Distress; Count XI - Negligent Supervision, Hiring and Negligent Retention; and Count XII - Damages.

V.

Defendants Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor, in their Individual Capacities, hereby move the Court for qualified immunity and summary judgment on all individual capacity claims and state law claims against them.  Defendants, Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor, and Lee Otis Jackson hereby move for summary judgment on all official capacity section 1983 claims.

VI.

Based on the undisputed facts adduced during discovery, Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor are entitled to invoke qualified immunity to the 42 U.S.C. §1983 individual capacity claims raised against him in the Complaint.  The conduct of Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor, in their individual capacity, did not violate any of Plaintiff's constitutional rights.  Even assuming Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor did commit a violation of Plaintiff's constitutional rights, their conduct was objectively reasonable in light of the circumstances and clearly established constitutional law, entitling them to

3

qualified immunity.  In the alternative, even assuming Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor were not entitled to qualified immunity in their individual capacity, they are nevertheless entitled to summary judgment on the merits of the individual capacity claims against them since, based on the undisputed facts, Plaintiff cannot establish any individual liability on the part of Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor.

## VII.

Plaintiff's section 1983 official capacity claims against Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor, and Lee Otis Jackson are essentially claims against the office of the Sheriff of Harrison County, since official capacity claims are in reality suits against a governmental entity or office and not against the individual officer.  Plaintiff's official capacity section 1983 claims are subject to dismissal because Plaintiff cannot prove that he suffered a violation of his federal constitutional rights, nor can he point to the existence of a policy, custom, or practice of the Harrison County Sheriff's Office which caused him any constitutional deprivation.

## VIII.

All of Plaintiff's State law claims are subject to dismissal pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq, since there is no dispute that, at all times relevant to the Complaint, Plaintiff was an inmate incarcerated at HCADC.  Therefore, all of his State law claims are barred by section 11-46-9(1)(m) of the Tort Claims Act, which prohibits suits by inmates of jails or other detention facilities.

## IX.

Defendants are entitled to summary judgment on Plaintiff's request for injunctive and declaratory relief.

X.

Defendants Riley, Taylor, Payne and Jackson, all in their official capacity, are entitled to summary judgment on plaintiff request for punitive damages.

XI.

In support of his Motion, Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor, and Lee Otis Jackson rely upon the following exhibits, which are attached hereto and fully incorporated herein by reference:

Exhibit "A"    -    Affidavit of Donald Cabana

"A1"    -    Relevant Portions of Bobby Golden's Inmate Records

"A2"    -    Nurses' Notes dated February 26, 2005, to March 1, 2005

Exhibit "B"    -    Affidavit of Steve Campbell

"B1"    -    General Order #65, Professional Standards Unit

"B2"    -    Internal Affairs Report dated March 15, 2005

"B3"    -    Narrative Form Completed by FTO Shane Carson dated February, 28 2005.

"B4"    -    Narrative Form Completed by Deputy Geas dated March 1, 2005.

"B5"    -    Polygraph Examination Documents Regarding Shane Carson

"B6"    -    Interview Transcript between Captain Campbell and Bobby Golden

"B7"    -    Interview Transcript between Captain Campbell and Lee Otis Jackson

"B8"    -    Letter of Disciplinary Action Taken against Lee Otis Jackson

"B9"    -    Video Surveillance (9:21-9:06 and 9:03-8:51) - Conventional filed.

Exhibit "C"    -    Affidavit of Captain Phil Taylor

"C1" - Narrative Report dated February 28, 2005

.

Exhibit "D" - Affidavit of Sheriff George Payne, Jr.

"D1" - Letter of Disciplinary Action dated March 16, 2005.

"D2" - Harrison County Adult Detention Center Policies and Procedures Directive, Use of Force.

"D3" - Harrison County Adult Detention Center Policies and Procedures Directive, Use of Restraints

"D4" - Harrison County Sheriff's Department's General Order No. 10, Weapons & Use of Force

"D5" - Harrison County Adult Detention Center Policies and Procedures Directive, Health Care Services

"D6" - Harrison County Sheriff's Department's General Order No. 65, Professional Standards Unit

"D7" - Harrison County Sheriff's Department's General Order No. 62, Employee Discipline

"D8" - Harrison County Sheriff's Department's General Order No. 44, Corrective Measures

"D9" - Correspondence regarding background check dated September 1, 2004.

Exhibit "E" - Excerpts from Plaintiff's Deposition

Exhibit "F" - Affidavit of Deputy Michael Marble

Exhibit "G" - Ken Katsari's Expert Report

Exhibit "H" - Affidavit of Dianne Gatson-Riley

Exhibit "I" - Affidavit of Records Custodian Paula Hentges
Training Records of Deputy Lee Otis Jackson

Exhibit "J" - Response to First Set of Interrogatories of George Payne, Jr. Propounded to Plaintiff

Defendants further rely upon their Memorandum of Authorities being filed with the Court contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendants, Sheriff George Payne, Dianne Gatson-Riley, and Captain Phillip Taylor, all in their Individual Capacities, file this  Motion for Qualified Immunity and Summary Judgment since, based on the undisputed facts, they are entitled to qualified immunity and judgment as a matter of law on all individual capacity claims and state law claims. Defendants George Payne, Dianne Gatson-Riley, Phil Taylor and Lee Otis Jackson, in their Official Capacities, hereby files this Motion for Summary Judgment since it is undisputed that they are entitled to summary judgment on all official capacity claims, including Plaintiff's request for punitive damages, as a matter of law. These Defendants respectfully request that, upon all issues having been duly considered, this Honorable Court will grant this Motion and dismiss this Civil Action with prejudice.  Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 7th day of July, 2008.

**SHERIFF GEORGE PAYNE, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; MAJOR DIANNE GASTON-RILEY, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY; CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; AND LEE OTIS JACKSON, IN HIS OFFICIAL CAPACITY ONLY**

**DUKES, DUKES, KEATING & FANECA, P.A.**


BY:    */s/ Cy Faneca*
          CY FANECA, MSB #5128

Cy Faneca, MSB #5128
Haley N. Broom, MSB #101838
Joe C. Gewin, MSB #8851
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**   (228) 868-1111
**Facsimile:**   (228) 863-2886

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that via United States Mail, postage fully pre-paid, a true and correct

copy of the above and foregoing pleading has been delivered to the following::

Melvin G. Cooper, Esq.
Melvin Cooper Law Firm
178 Main Street, Suite 104
Biloxi, Mississippi  39530
Counsel for Plaintiff

Ian A. Brendel
Davis Law Firm
Post Office Box 1521
Gulfport, Mississippi  39502
Counsel for Rick Gaston

James L. Davis, III
Davis Law Firm
Post Office Box 1839
Gulfport, Mississippi  39502-1839
Counsel for Rick Gaston

Karen Young, Esq.
Meadows Law Firm
Post Office Drawer 1076
Gulfport, Mississippi  39502
Counsel for Harrison County

THIS, the 7th day of July, 2008.

_/s/ Cy Faneca_
CY FANECA

8