*Harrison County Adult Detention Center*
*Policy & Procedures Directives*

# HEALTH CARE SERVICES

**POLICY:** All inmates incarcerated in the Harrison County Adult Detention Center will have access to medical, dental and mental health services as needed to maintain basic health.

**PROCEDURE:**

## I.    GENERAL INFORMATION

Medical Care at the Detention Center is a contracted services with NAPH-CARE.

The Medical Staff are available on-site 24 hours per day, seven days a week.

The Medical Staff will deliver services as order by the contracted Physician.

Emergency treatment is available at the direction of Medical Staff.

The Health Service Administrator will submit monthly statistical reports to the Support Services Captain indicating the number of inmates receiving services.

There is a $5.00 fee for each physician, dentist and mental health visit. Inmates WILL NOT be denied medical services because of an inability to pay.

It is the inmate's responsibility to request non-emergency medical services by completing a Medical Request Form and leaving it in Medical's box.

Medical staff will collect medical request forms daily and schedule inmates as soon as possible.

Corrections Officers must contact medical immediately if there is a medical emergency.

Health Evaluations will be performed by the medical personnel within 14 days of incarceration, FREE OF CHARGE.

If a requested medical procedure is not deemed a necessity by the doctor it will not be provided.



EXHIBIT

D-5

Staff members of the facility will not take deliberate action designed to block, deny or delay access of an inmate to health care services.

Any time an inmate declines medical services, the refusal will be logged and filed as part of the inmate's permanent record.


_Riley_____                    _01/01/01_____
Facility Administrator                    Effective Date

General Order #65
Harrison County Sheriff's Department
October 1, 2002

George Payne, Jr, Sheriff

## PROFESSIONAL STANDARDS UNIT

1. **PURPOSE**

   The purpose of this order is to establish the policy for managing and staffing the Professional Standards Unit of the Harrison County Sheriff's Department. This policy will outline the procedures for investigating complaints of misconduct.

2. **SCOPE**

   This policy is directed to all department personnel.

3. **POLICY**

   The Harrison County Sheriff's Department Professional Standards Unit shall be responsible for conducting internal administrative investigations and applicant background development.

   This policy shall define the methods of investigation and discipline in order to ensure the protection of employees' rights through the conscientious investigation and ultimate disposition of each inquiry. This policy shall ensure the integrity of the department by establishing procedures that provide an investigation of any matter that might affect the efficient, professional operation of the department, and mandated compliance with all general orders.

   A. **Internal Investigations Authority**

   Internal inquiries and investigations are performed under the authority of the Sheriff. The Professional Standards Unit shall have the primary responsibility of investigating complaints of alleged employee misconduct. The Professional Standards Unit will operate under the supervision and direction of the Sheriff. All orders written or verbal issued in connection with any internal investigation shall be considered as direct orders from the Sheriff. The final authority to exonerate, declare unfounded, not sustained, or to sustain any complaint rests solely with the Sheriff. Internal inquiries are administrative and should not be construed as criminal investigations.

General Order #65 - October 1, 2002                                    1


EXHIBIT
D-6

B. Disciplinary Review

Members of the Professional Standards Unit may be required to attend Disciplinary Review Hearings subsequent to internal investigations. The sole purpose will be to provide the facts and circumstances surrounding the respective cases.

C. Civil Service Meetings

A representative of the Professional Standards Unit may be requested to attend regular or special civil service meetings for providing insight on disciplinary actions occurring inside the department. The representative's responsibility is solely to inform the Civil Service Commissioners of results of particular investigations.

D. PSU Area of Investigative Responsibility

The Professional Standards Unit will investigate serious or sensitive allegations of misconduct and incidents resulting in actual or potential litigation against the county, the Sheriff's Department or employees of the Sheriff's Department. Any such investigation shall be performed under the guidelines of appropriate county policies and Mississippi Statutes.

## Legal Action

The Professional Standards Unit may investigate any pending legal action against the department or it's employees. Upon receipt of such information, a case file will be established which will contain all pertinent information on the action and any request for information.

E. Shift Supervisor Area of Responsibility

The appropriate immediate supervisor will investigate complaints of less serious violations. This assignment shall not relieve the Professional Standards Unit from lending assistance when requested or monitoring the investigation.

The Supervisor receiving an external complaint or filing an internal complaint is responsible for preserving evidence to include taking documentary photographs when practical and possible. The Supervisor shall take photographs of complainants in all excessive force complaints even if injuries are not visibly present.

General Order #65 - October 1, 2002                                          2

F.  Complaints:

*All external complaints will be documented on a Citizen Complaint Form.*
Complaints may be received in a variety of ways including, but not
limited to: (a) in person (b) by mail (c) telephone (d) email (e) third party
*Anonymous complaints are investigated, but have limitations caused by the
inaccessibility of the complainant.*

## Procedure for Citizen Inquiry

A citizen alleging misconduct on the part of any employee shall be
directed to the supervisor on duty regardless of the time of day.  The
supervisor may be able to resolve the complaint without the assistance
of the Professional Standards Unit.  Many complaints of alleged
misconduct can be handled by the Shift Commander or a supervisor,
provided it is done in a professional and timely manner.  Unless the
complaint involves gross misconduct or a criminal violation, the Shift
Commander or supervisor should make every attempt to resolve the
matter without involving the Professional Standards Unit.

If the shift supervisor cannot resolve the complaint satisfactorily or there
is an allegation of a criminal nature, the shift supervisor shall complete
the Citizen Complaint Report and forward this form to the Professional
Standards Unit without delay.

In the event a citizen directly contacts the Professional Standards Unit
when initially registering the complaint, the Professional Standards Unit
will be responsible for referring the complaint to the affected supervisor
or completing the Citizen's Complaint Report and other necessary
documentation.

## Traffic Citations/ Arrests

Complaints relative to differences of opinion between an officer and a
citizen over the issuance of a traffic citation or regarding guilt or
innocence subsequent to an arrest, shall not be investigated by the
Professional Standards Unit, but will be properly handled by the judicial
system.

G.  Use of Citizen Complaint Report

1.  Personnel receiving the complaint shall have the citizen sign the
    Citizen Complaint Report in their presence.  The substance of the
    complaint shall be documented in the appropriate section of this form.

General Order #65 - October 1, 2002                                    3

2. Under no circumstances shall the Citizen Complaint Report be used as a means to threaten, intimidate, harass or discourage a citizen from making a complaint.

3. Should the citizen refuse to sign the complaint report, the receiving supervisor shall complete the report and document the refusal to sign. A memorandum concerning the allegations shall also be made. The report shall be signed in the space provided for supervisor receiving the complaint. The completed report shall be forwarded to the Professional Standards Unit without delay.

H. Internal Complaint Procedure

In furtherance of the intent of this policy, any employee may submit a written statement, documenting employee misconduct, directly to the Professional Standards Unit which shall process the complaint in accordance with this general order.

I. Written Counseling Form

Written Counseling Forms shall be utilized to document an employee's unsatisfactory performance or to document an incident involving employees. Written Counseling Forms in some cases shall serve as a written consultation.  A copy of all the internal complaints or incidents shall be forwarded to the Professional Standards Unit.

If the supervisor believes the complaint, either external or internal, is of such a serious nature that it requires immediate attention, or he needs assistance, he shall contact the Sheriff or the appropriate Director within his chain of command, who shall determine if the complaint requires immediate assistance or the assignment of personnel from the Professional Standards Unit. If the appropriate Director deems that the complaint should be investigated by the Professional Standards Unit, the Director shall make the request to the Sheriff.

J. Initial Investigation Procedures

1. Upon receipt of the documentation and approval of the Sheriff, the Professional Standards Unit shall determine which general order(s), policies or statutes were violated.

2. Should a formal investigation be ordered, an *Initial Notice of Inquiry Report* shall be drafted and forwarded to the affected employee through the chain of command, except under the following circumstances:

(a) The alleged violation is ongoing.
(b) The investigation possibly would be compromised by the release of the information.

General Order #65 - October  1, 2002                                                4

3. Garrity warnings shall be given to employees and signed prior to all formal interviews whereby the possibility of criminal conduct may be alleged. When there is no criminal conduct alleged, employees interviewed by the Professional Standards Unit will be advised of the authority of the investigation as well as requirements of complete truthfulness and candor. This will be documented on an audio recording tape.

K. Classification of Allegations

The Professional Standards Unit investigator shall, in the Internal Investigative Report, recommend 1 of the following 5 classifications:

1. Unfounded- the allegation is false or not factual.

2. Exonerated- the incident occurred, but was lawful and proper.

3. Not Sustained- there was insufficient evidence to prove or disprove the allegation.

4. Sustained- the allegation is supported by a preponderance of evidence to justify a reasonable conclusion that the incident did occur.

5. Policy Failure- the policy was not specific or did not cover this incident.

L. Internal Investigations

1. Internal Complaints will be assigned an IA# by the Professional Standards Unit OIC.

2. The complaint will then be assigned to a Professional Standards Unit Investigator by the OIC.

Each internal investigative report will contain:

1. The general order(s) violated.
2. The details in chronological order, addressing each point of accusation.
3. A synopsis of each witness statement.
4. Mitigating circumstances, if appropriate.
5. Recommended classification of the allegations

M. Case File Preparation:

*Unless special circumstances occur, all internal investigations must be completed within thirty days. An extension may be given by the Professional Standards Unit OIC or the Sheriff.*

General Order #65 - October 1, 2002                                    5

Each case file and report will contain the site or copies of the general orders violated. In addition, each case file will include letters and memos relevant to the investigation. All reports must include an investigator's finding and conclusions. Findings and conclusions should be a summary listing of relevant conclusions drawn by the investigator based on facts and circumstances of the investigation and a recommended classification of the allegations shall be provided by the Investigator. The Professional Standards Unit shall not make any recommendations regarding disciplinary action. All Garrity statements, including audio or video tapes of such interviews, must be filed separately from the investigative file in an envelope marked "Garrity statement" and filed accordingly.

N. Dispositions

1. Informal Personnel Actions- Actions documented on a Written Counseling Form shall be processed by forwarding a copy of the Written Counseling Form to the Professional Standards Unit for record.

2. Formal Discipline- A copy of the Formal Discipline Report, (letter of suspension, termination, etc.) shall be maintained in the affected employee's personnel file as defined in the department General Orders and a copy to be maintained in the Professional Standards Unit file.

O. Corrective Actions

1. Informal Personnel Action- When practical informal actions should be positive and educational rather than punitive in nature. The employee's immediate supervisor will complete all informal personnel actions.

2. Formal Discipline- Construed to be punitive in nature. It includes, but shall not be limited to:

    (a) Written Reprimand
    (b) Demotion
    (c) Suspension
    (d) Termination

P. Procedural Due Process

1. Prior to awarding any level of informal personnel action or formal discipline, the recommending authority may contact the Professional Standards Unit in order to determine the record of the offending employee and the consistent level of personnel action or discipline for the violation.

General Order #65 - October 1, 2002                               6

2. **Required Actions-** The following steps will be taken to ensure due process:

   (a) The employee must be informed of the charge(s) against him/her.
   (b) The employee must be given an explanation of the evidence underlying the charge(s).
   (c) The employee must have the opportunity to respond to the charge(s).
   (d) All notices and hearings must be done in a meaningful time and a meaningful fashion.

If the internal investigation classifies the case as either exonerated, not sustained, unfounded or policy failure, the employee(s) involved will receive a letter of disposition.

Q. **Reviews, Appeals and Grievances**

All appeals and grievances shall follow procedures herein and established by the Harrison County Civil Service Commission and Department Policy. The Sheriff and all Division OIC personnel may review all informal and formal personnel actions.

**Obstruction of Internal Investigation**

No employee shall by writing, speaking, utterance or any other means commit an act which would hinder or obstruct an authorized internal investigation by the Harrison County Sheriff's Department.

**Confidentiality of Investigations**

All complaints and complaint investigations will be confidential and will not be discussed within or outside the department without approval of the Sheriff or his designee.

**Unauthorized Internal Investigation**

No employee shall initiate, conduct, or otherwise participate in any unauthorized investigation.

**Other Administrative Investigations**

**Officer Involved Shootings**

The Harrison County District Attorney's Office shall be responsible for conducting an independent investigation of all shootings involving officers of the Harrison County Sheriff's Department. The Sheriff may request other independent investigations by the Mississippi Highway Safety Patrol or other law enforcement agencies. The Harrison County Sheriff's Department Professional Standards Unit will conduct all internal investigations.

General Order #65 - October 1, 2002                                              7

## Background Investigations

Background investigations of applicants including sworn, non-sworn and reserves, will be conducted by the Professional Standards Unit. A background investigation by the Professional Standards Unit may be requested by any Director when the Director is informed of a need to begin the hiring process of applicants. The PSU investigator will be given a checklist of needed information, and the items on the list will be noted as to time and date of completion. Upon completion of the investigation the application will be returned to the personnel officer with a cover sheet indicating whether or not the applicant passed the background process. In addition, a copy of the cover sheet will be forwarded to the Sheriff and the affected Director. Without the approval of the Sheriff, applicants shall not be offered employment until after a satisfactory background investigation has been completed and it is determined that the candidate is suitable for the position which he/she has applied.

General Order #65 - October 1, 2002                                      8

General Order #62
Harrison County Sheriff's Department
June 4, 2004

George Payne, Jr., Sheriff

## EMPLOYEE DISCIPLINE

1. **SCOPE**

   All employees of the Harrison County Sheriff's Department (full or part time) are subject to the provisions of this policy.

2. **POLICY**

   It is the policy of the Harrison County Sheriff's Department that its employees serve the Citizens of Harrison County effectively and efficiently. In accordance with this policy, the actions of the employee's of the Sheriff's Department shall comply with departmental polices, rules and procedures. The failure of an employee to perform their duties in a satisfactory manner shall be cause for disciplinary or other corrective action. The Harrison County Sheriff and appropriate supervisors will administer this policy.

3. **DISCIPLINARY REVIEW BOARD**

   The Disciplinary Review is sanctioned under the authority of the Sheriff. In the absence of the Sheriff his designee shall assume the role as appointing authority.

   1) Board Members
      a) Operations Major – Board Member
      b) Administration Major – Board Member
      c) Corrections Major – Board Member
      d) Academy Major – Board Member

   2) Duties and Responsibilities
      a) Upon the request of any Division Director or the Sheriff, the Disciplinary Review Board will convene to hear formal charges against an employee of the Harrison County Sheriff's Department. The Sheriff or in his absence, his designee must approve all Disciplinary Review Boards.

General Order #62-June 4, 2004                                             1


EXHIBIT
D-7

b) Prior to awarding any formal sanctions against an employee, the Disciplinary Review Board will convene to hear the charges against the employee. The employee will be given the opportunity to respond orally or in writing to the charges.

c) The Chairman of the Review Board will be the Major in charge of the Department in which the employee works that is appearing before the board.

d) The Major and at least two members must be present to convene the Board. The Sheriff or his duly appointed designee may appoint a temporary Board member to hear a case. The temporary Board member must have the rank of Captain or above to serve on the Board.

e) After hearing the employee's response to the charges, the Major who is acting Chairman or a dully appointed designee will forward the Disciplinary Review Board's recommendation to the Sheriff.

3) **Classification of Allegations**

The Major who is acting Chairman or a duly appointed designee shall recommend one of the following four classifications:

(a) Unfounded – the allegation is false or not factual.

(b) Exonerated – the incident occurred, but was lawful and proper.

(c) Not sustained – there was insufficient evidence to prove or disprove the allegation.

(d) Sustained – the allegation is supported by a preponderance of evidence to justify a reasonable conclusion that the incident did occur.

4) **Corrective Actions**

If formal disciplinary action is warranted, the Disciplinary Review board will make one of the following recommendations:

(a) Written Reprimand
(b) Demotion
(c) Suspension
(d) Termination

General Order #62-June 4, 2004                                                    2

5) **Final Determination**

The Sheriff will review the charges and the recommendations of the Disciplinary Review Board. The Sheriff or in his absence the appropriate Major will make the final determination of what, if any, disciplinary action will be taken.

6) **Appeal**

All disciplinary actions awarded by the Sheriff, with the exception of letters of reprimand, can be appealed to the Civil Service Commission.

### D. Documentation and Removal of Disciplinary Action

Documentation of disciplinary actions including suspension, demotion, or dismissal will remain in the employees' personnel file indefinitely. Letters of reprimand, however, may be removed and expunged by the Sheriff upon the request of the employee.

Letters of reprimand must remain in the employees' personnel file for a minimum of twelve months. An employee may petition the Sheriff to have a letter of reprimand removed from his/her personnel file. If the Sheriff approves the removal of the letter of reprimand, the letter will be expunged from the personnel file.

General Order #44
Harrison County Sheriff's Department
October 15, 2002

George Payne, Jr, Sheriff

## CORRECTIVE MEASURES

1. **SCOPE:**

   This policy is directed to all employees of the Harrison County Sheriff's Department.

2. **PURPOSE:**

   The purpose of the General Order is to establish a uniform and incremental system of corrective measures. The primary intent is to maintain good order and structure within the department.

   It is imperative for each employee to obey established regulations and exercise sound judgment at all times. It is the responsibility of each supervisor to maintain the proper discipline among his/her subordinates.

3. **POLICY STATEMENT:**

   Harrison County Sheriff's Department policy is that all corrective measures be administered at the lowest level of supervision with the least severe actions warranted by the seriousness of the infraction.

4. **TYPES OF CORRECTIVE ACTION:**

   A supervisor may consider any two actions of equal or greater severity administered to an employee as constituting a trend of irresponsible or incompetent behavior. Any subsequent behavior or problems may be dealt with by more severe measures.

   The following types of corrective actions are listed from the least severe to the most severe:

General Order #44 - October 15, 2002

1

EXHIBIT

tabbies

D-8

A. Verbal Counseling:

Supervisors are obligated to make every effort to resolve minor problems as soon as possible. Private, person-to-person, counseling sessions should be used to avert more serious future problems.

1. The following list is not to be inclusive, but provides examples of instances when this type of corrective action may be used:

   (a) Minor violations of departmental general orders or policies not resulting in injury or monetary loss to the county.

   (b) Minor lapses in operational efficiency.

   (c) Poor performance that appears to be the result of a training issue or a misunderstanding of departmental regulations or policies.

2. A Supervisor may consider a series of two counseling measures as a trend of irresponsible or incompetent behavior by the employee. The third counseling session should be dealt with a more serious measure.

B. Formal Written Counseling:

When an employee appears to be unreceptive to verbal corrections, the discrepancy should be fully documented on a Written Counseling Form.

1. The following list is not to be considered all-inclusive but provides examples of instances when this type of corrective action may be used:

   (a) The third verbal counseling violation of department regulations or policies not resulting in injury or monetary loss to the county.

   (b) Lapses in operational efficiency considered by the supervisor to be serious enough to warrant documentation.

   (c) Unreceptive behavior regarding training and/or constructive criticism from a supervisor or an appointed trainer.

   (d) Failure to comply with a lawful order from a higher ranking employee.

General Order #44 - October 15, 2002                                    2

2. A series of two Formal Written Counselings may be considered by a supervisor as constituting a trend or irresponsible or incompetent behavior serious enough to warrant the use of a more severe corrective measure.

C. Letter of Reprimand:

A written reprimand may be a part of a continuing pattern of corrective measure or may be used as the initial action depending on the circumstance.

1. The following list is not to be considered all-inclusive but provides examples of instances when a Letter of Reprimand will be used in a continuing pattern of corrective measures.

   (a) Violation of departmental general orders or policies not resulting in injury or monetary loss to the county, which the supervisor believes will not be corrected with a Formal Written Counseling.

   (b) Lapses in operational efficiency such as inefficiency in responding to calls, report problems, and tardiness.

   (c) Unreceptive behavior towards a supervisor and/or an appointed trainer regarding training and/or constructive criticism.

   (d) Failure to comply with a lawful order from a higher ranking employee.

   (e) When the employee fails to make a good faith effort to adhere to previous corrective measures.

2. The following list contains examples of instances when a Letter of Reprimand may be used as an initial corrective measure:

   (a) An act or omission that results in the injury or creates a serious potential for an injury.

   (b) An act or omission that results in monetary loss to the county as a result of damage to county property and/or damage to private property when the county is liable.

   (c) An act that is detrimental to the good order and/or discipline of the department.

   (d) Failure to comply with a lawful order from a higher ranking employee.

General Order #44 – October 15, 2002                                    3

Examples:

   (1) Knowingly disobeying the order of a higher-ranking employee.

   (2) Public criticism of supervisors, co-workers, citizens, or any part of the county administration.

   (3) Encouraging others to disregard the integrity of department regulations, policies, and orders.

   3. A series of two Letters of Reprimand may be considered by a supervisor as constituting a trend of irresponsible or incompetent behavior serious enough to warrant the use of a more severe measure.

D. SUSPENSIONS:

Whenever a continuous pattern of performance/conduct has not improved, or is unlikely to improve, a suspension not to exceed thirty days may be implemented if an employee commits a violation of department policy and/or exhibits conduct that has a detrimental impact upon the maintenance of good order and discipline within the department.

   1. The following list is not considered as all inclusive, but provides examples of instances that suspension may be used in a continuing pattern of corrective measures:

      (a) Infractions of departmental general orders or policies, not resulting in injury or monetary loss to the county.

      (b) Lapses in operational efficiency.

      (c) Unreceptive behavior towards a supervisor and/or an appointed trainer regarding constructive criticism and/or training.

      (d) Failure to comply with a lawful order from a higher ranking employee.

      (e) Failure to make a good faith effort to adhere to the corrective measures stipulated in any of the previously corrective actions.

   2. The following list contains examples or instances when a suspension may be used as an initial corrective measure. Acts that are seriously detrimental to the good order and discipline of the department including, but not limited to, the following:

General Order #44 - October 15, 2002

4

(a) An act or omission that results in injuries or creates a potential for injuries.

(b) An unsafe act or admission that results in the monetary loss to the county through damage to county property and/or damage to private property when the county incurs the liability.

(c) Defiance of a higher-ranking employee.

(d) Under the influence of alcohol, stimulants, depressants, or any other substance while on duty that can alter the ability to reason and/or function in a crisis situation.

(e) Failure to comply with a lawful order from a higher ranking employee.

(f) Physical or psychological abuse of any employee or citizen.

(g) Any force that exceeds the amount necessary to bring a person under control effectively.

(h) Refusal or failure to respond to a call for service or situation.

(i) Refusal or failure to provide back up or assistance for a fellow employee in a hazardous or a potential hazardous situation.

(j) Making a false official statement.

3. A supervisor may consider a series of two Suspensions as constituting a trend of irresponsible or incompetent behavior serious enough to warrant the use of a more severe measure.

## E. DEMOTIONS:

An employee that holds a rank is expected to accept an increasing amount of responsibility when promoted. Whenever it becomes apparent that an employee cannot or will not accept the appropriate responsibility and is unable or unwilling to improve his/her performance/conduct after previous corrective measures have been administered, demotion in rank may be implemented in order to place the employee in a position of reduced responsibility. Demotion may also be implemented as an initial corrective action in rare instances in which the employee's actions are of such magnitude as to jeopardize the good order and discipline of the department.

Demotions in rank are a grave matter and should be implemented only after careful and deliberate consideration of the existing circumstances. The situations listed below are examples of instances in which demotion may be appropriate:

General Order #44 – October 15, 2002

5

1. The following list is not to be considered all-inclusive, examples of instances in which demotion may be used in a continuing pattern of corrective measures:

   (a) Infractions of departmental general order policies which do not result in injury or monetary loss to the county, but which do interfere with the maintenance of an efficient, superior subordinate relationship within the department.

   (b) Lapses in operational efficiency.

   (c) Failure to cooperate with a training instructor directed by higher authority, and/or unreceptive to training or constructive criticism by a higher-ranking employee after other corrective measures have been administered.

   (d) Failure to make a good faith effort to adhere to previous corrective measures.

   (e) Failure to comply with a lawful order from a higher ranking employee.

   (f) Acts, which have the potential of being detrimental to the good order and discipline of the department.

2. The following list is not to be considered all-inclusive, but provides examples of instances in which instances may be used as an initial corrective measure:

   (a) A knowing and willful unsafe act or omission which results in injuries to departmental employees or other citizens, or which creates the potential for injuries.

   (b) A knowing and willful act, which results in the county incurring monetary loss or liability as a result of damage to county or private property.

   (c) Defiance toward a supervisor who is acting in an official capacity.

   (d) Under the influence of alcohol, stimulates, depressants, or any other substance while on duty that alters the individual's ability to reason and/or function in a crisis situation.

   (e) Failure to comply with a lawful order from a higher ranking employee.

   (f) Physical or psychological abuse of another employee.

General Order #44 - October 15, 2002                                        6

(g) Refusal or failure to respond to a police call and/or a request for assistance by another officer in a potentially hazardous situation.

(h) Making a false official statement regarding any incident.

(i) Advising or encouraging any other employee to disobey or evade a department general order or policy.

F.  DISMISSAL:

This is the ultimate Corrective Measure to behavior/performance problems and should be taken as a last resort.

Dismissal from employment is a grave matter and should be carefully and thoughtfully considered. The situations listed below are examples of instances in which dismissal is appropriate:

1.  The following list is not considered all inclusive but provides the instances in which dismissal may be used as the final act in a continuing pattern of corrective measures:

(a) Minor infractions of departmental regulations and policies after other corrective measures have been administered without significant improvement in the overall performance/conduct.

(b) Lapses in operational efficiency after other corrective measures have been administered without significant improvement in the overall performance/conduct.

(c) Unreceptive to training and/or failure to cooperate with a training instructor or training program after a less sever corrective measure has been administered without significant improvement in overall performance/conduct.

(d) Failure to comply with a lawful order from a higher ranking employee.

(e) Failures to make a good faith effort to correct overall behavior/performance problems after less severe corrective measures have been administered.

(f) Disruptive influence to the good order and discipline of the department.

(g) Under the influence of alcohol or any other substance while on duty generally known to alter an individual's ability to reason or function in a normal manner.

General Order #44 - October 15, 2002

7

(g) Under the influence of alcohol or any other substance while on duty generally known to alter an individual's ability to reason or function in a normal manner.

(h) Brutality toward citizens, prisoners or co-workers.

(i) Knowingly and willingly using a firearm in violation of departmental general order/policy.

(j) Falsifying a statement(s) on the employee's application.

(k) Accepting money, goods, or services in exchange for protecting illicit operations or granting any special considerations to any person(s).

(l) Willful disobedience of orders.

5.  Who Will Administer Corrective Measures:

Any supervising employee can initiate corrective measures but a supervisor in the employee's chain of command should implement the process. Unless special circumstances exist, the employee's immediate supervisor will implement the corrective measure process.

6.  The Corrective Measure Process:

The initiating supervisor will prepare a Notification of Intent form by listing the details of the act or omission. This form will be forwarded to the employee's immediate supervisor at which time, the implementation process will begin.

The immediate supervisor will explain to the employee in private the reasons for the corrective measure. The employee will be advised of his/her rights to appeal the corrective measure.

A.  Appeal Process:

1.  The employee will sign the Notification of Intent form to acknowledge notification of the corrective measure. The employee will indicate if he/she desires to appeal the measure to a higher level.

General Order #44 - October 15, 2002

8

2.  When an employee indicates he/she wants to appeal the measure, all original paperwork (notification form and any documentation that supports the measure) will be forwarded to the employee's next level of supervision for review. This process will continue until the employee acknowledges acceptance of the measure by annotating it on the form or continues the appeal process to the Sheriff. The Sheriff must approve all suspension, demotion, and dismissal measures.

3.  If the Sheriff agrees with the measure, any employee holding permanent civil service status may request a Civil Service hearing for the purpose of investigating the appropriateness of such action. Such hearing will be conducted in accordance with Civil Service regulations. It is the employee's responsibility to adhere to the Civil Service Commission's appeal procedures.

B.  <u>Acceptance Process:</u>

If the employee decides not to appeal the measure, the notification form will be attached to the corrective measure paperwork. These documents will be forwarded to the Division Major by means of the employee's chain of command.

1.  The Division Major will review the information and determine if the measure is appropriate. The decision will be documented on the form at which time the form will be returned to the implementing supervisor. If the measure is a suspension, demotion, or a dismissal, the Division Major will inform the employee regarding the details of the measure.

2.  If the Division Major does not agree with the measure listed, he/she can alter it as he/she sees fit. The Division Major will meet with the implementing supervisor who forwarded the form to him/her and review the changes to the measure. The implementing supervisor will need to meet with the employee in private to explain the changes. Due to the changes of the measures, the employee is allowed to change his/her decision to appeal the measures if the employee desires.

3.  The Sheriff will direct the creation of a personnel order regarding corrective measures when orders are necessary.

General Order #44 – October 15, 2002

9

7. **Disposition of Records:**

The original personnel order and all supporting documents will be filed in the employee's personnel file. A copy of the personnel order will be filed in the employee's performance file by the implementing supervisor.

8. **Implications of a Corrective Measure:**

   A. All Verbal Counseling Measures will remain in an employee's performance file for a period of three months. If no additional measures have been implemented during this period, the corrective measure will not affect the employee for considerations of promotion, special unit transfer, chain-of-status, or any other career orientated personnel action.

   B. All Formal Written Counseling Measures will remain in an employee's performance file for a period of six months. If no additional measures are implemented during this period, the measure will not affect the employee for consideration of promotion, special unit transfer, chain-of- status, or any other career orientated personnel action.

   C. All Letter of Reprimand Measures will remain in an employee's performance file for a period of one year. If no additional measures are implemented during this period, the measure will not affect the employee for consideration of promotion, special unit transfer, chain-of-status, or any other career orientated personnel action.

   D. All Suspension Measures will remain permanently in an employee's personnel file and performance file. During a one-year period immediately following the completion of a suspension, the employee is automatically disqualified for consideration of promotion, special unit, transfers, chain-of-status, or any other career oriented personnel actions.

   An employee who receives a suspension measure should honor the measure by missing work. But, the Sheriff has the option to allow an employee to use accrued annual leave or compensation time.

   E. All Demotion Measures will remain permanently in an employee's personnel file and performance file. The employee will be eligible for consideration of promotion, special unit transfer, chain-of-status, or any other career orientated personnel actions after two years from the official demotion date.

General Order #44 – October 15, 2002                                    10

9.  **Emergency Circumstances:**

A Section Leader may relieve an employee from duty with pay in an emergency situation without The Sheriff or Division Major approval. An emergency situation must constitute endangering a human life. The Section Leader will immediately contact the Division Major and start the corrective measure process. If the Division Major is unavailable, the Section Leader will contact the Sheriff.

10. **Reimbursement for Damages/Monetary Loss to Harrison County:**

Whenever an employee causes a monetary loss to the County due to an act or omission, which constitutes misconduct or personal negligence, such employee may be required to reimburse the County for the amount of the monetary loss. Reimbursement may be used in conjunction with any corrective measure.

A.  The Sheriff can mandate reimbursement expenses for damages and/or monetary loss to Harrison County as a result of the employee's actions. The amount of the reimbursement will be listed on the employee's personnel order along with the corrective measure implemented.

B.  After the reimbursement has been ordered, the records relating to such action will be filed in the employee's personnel file and performance file.

C.  The Sheriff will specify the method of reimbursement as one of the following:

(1) The employee may make a one-time payment to be deposited into Harrison County's General Fund.

(2) The employee may elect to have up to six equal shares deducted from his/her paycheck. Under special circumstances, the Sheriff may authorize deviation from the time restriction.

(3) The employee's Division Major will ensure that appropriate arrangements are made with the Payroll Office.

General Order #44 - October 15, 2002                                          11

**HARRISON COUNTY SHERIFF'S DEPARTMENT
SUPERVISOR INFORMAL COUNSELING NOTES**

Employee: _____ Position: _____

Supervisor: _____ Position: _____

Subject of Counseling: _____

Brief Description of Problem:

_____

_____

_____

_____

Brief Description of Meeting With Employee:

_____

_____

_____

_____

**General Order #44 – October 15, 2002**                    **22-4**

# HARRISON COUNTY SHERIFF'S DEPARTMENT
## FORMAL WRITTEN COUNSELING

Employee: _____ Position: _____

Supervisor: _____ Position: _____

Subject of Counseling: _____

_____

Supervisor's Comments:



The following corrective measures are considered appropriate at this time:



_____        _____
Supervisor Signature                Date

Employee Comments:

I hereby acknowledge that measures are being taken against me for the above violation. I consider this measure to be ☐ not appropriate and I ☐ desire an interview with the next supervisor in the chain-of-command.



_____        _____
Employee Signature                  Date

**General Order #44 – October 15, 2002**

22-4

## HARRISON COUNTY SHERIFF'S DEPARTMENT
## NOTIFICATION OF INTENT TO INITIATE
## CORRECTIVE MEASURES

Employee: _____    Position:_____

Initiating Supervisor:_____    Position:_____

Supervisor's Comments:

I am hereby recommending the following corrective measures:

If you consider this measure inappropriate and it is upheld throughout the chain-of-command, you have the right to a hearing before a Board of Inquiry and such board will be convened at your request.

_____    _____
Supervisor Signature    Date

Employee's Comments:

I hereby acknowledge that measures are being taken against me for the above listed violation.  I consider this measure

☐    Appropriate    ☐    Not Appropriate

If the measure is upheld throughout the chain-of-command, I

☐    Desire    ☐    Do Not Desire

a hearing before the Board of Inquiry.

_____    _____
Employee Signature    Date

**General Order #44 - October 15, 2002**    22-4

**IMMEDIATE SUPERVISOR COMMENTS:**

☐    I concur with the proposed measure.

☐    I do not concur with the proposed measure.
Recommendations and comments are attached.

_____    _____
Signature                                      Date

**SECTION SUPERVISOR COMMENTS:**

☐    I concur with the proposed measure.

☐    I do not concur with the proposed measure.
Recommendations and comments are attached.

_____    _____
Signature                                      Date

**DIVISION MAJOR COMMENTS:**

☐    I concur with the proposed measure.

☐    I do not concur with the proposed measure.
Recommendations and comments are attached.

_____    _____
Signature                                      Date

**SHERIFF COMMENTS:**

☐    I concur with the proposed measure.

☐    I do not concur with the proposed measure.
Recommendations and comments are attached.

_____    _____
Signature                                      Date

**General Order #44 – October 15, 2002**                **22-4**



# HARRISON COUNTY
# SHERIFF'S DEPARTMENT

Post Office Box 1480
Gulfport, Mississippi 39502

*George H. Payne Jr.*
*Sheriff*

September 1, 2004

| | |
|---|---|
| NAME: | Jackson, Lee Otis |
| DOB: | 02-14-70 |
| SSN#: | 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 |

Ms. Paula Payne
Personnel Officer
Harrison County Courthouse

Dear Ms. Payne:

The Harrison County Sheriff's Department has conducted a limited background investigation on the above named applicant. NCIC, local criminal check, old fines, misdemeanor and felony warrant checks have been completed.

Credit history check, references and previous employment checks have not been received back as of the writing of this letter.

At this time nothing has been found that would preclude his or her employment with the Harrison County Sheriff's Department.

Respectfully,

Captain Steve Campbell, OIC
Professional Standards Unit

cc: Sheriff Payne
    Major Riley

SC/ch

**EXHIBIT**
D-9