1119107

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**BOBBY J. GOLDEN**                                          **PLAINTIFF**

**VS.**                                                      **CASE NO. 1:06cv1006LG-JMR**

**HARRISON COUNTY, MISSISSIPPI;**                            **DEFENDANTS**
**SHERIFF GEORGE PAYNE, OFFICIALLY AND**
**IN HIS INDIVIDUAL CAPACITY;**
**LEE OATIS JACKSON, OFFICIALLY AND IN HIS**
**INDIVIDUAL CAPACITY;**
**MAJOR DIANNE GASTON-RILEY, OFFICIALLY**
**AND IN HER INDIVIDUAL CAPACITY;**
**CAPTAIN RICK GASTON, BOOKING SUPERVISOR,**
**OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;**
**CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS**
**INDIVIDUAL CAPACITY;**
**JOHN DOES 1-5, OFFICIALLY AND IN THEIR**
**INDIVIDUAL CAPACITY**

## RESPONSE TO FIRST SET OF INTERROGATORIES
## OF GEORGE PAYNE, JR. PROPOUNDED TO PLAINTIFF

**COMES NOW**, Bobby Joe Golden, plaintiff in the above styled and numbered cause by and through his attorney, Melvin G. Cooper, Esq., file his response to Defendant George Payne Jr.'s interrogatories, and respond as follows, to-wit:

**INTERROGATORY NO. 1:**        Please identify yourself fully giving your full name, any aliases, age, date and place of birth, and social security number. If you have changed your name, please also provide your legal birth name.

**RESPONSE NO. 1:** Bobby J. Golden, age 43, DOB April 6, 1964, Natchez, Mississippi, Social Security No. 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.

**INTERROGATORY NO. 2:**        Please list all of your residences, including the street addresses, city or town, and state for the past ten (10) years, as well as your reason for moving from each address.



**EXHIBIT**

**RESPONSE NO. 2:**  For the last ten (10) years, I lived at 6th Street John Lane in Atlanta, Georgia, (street number unknown) Tuxedo St, Atlanta, GA and I presently live at 4011 Pondaresa Dr. Gulfport, MS.  No special reasons for relocations.

**INTERROGATORY NO. 3:**      Have you ever been convicted of a felony or a misdemeanor criminal offense?  If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause number, court, and sentence imposed.

**RESPONSE NO. 3:**  Objection, irrelevant to subject lawsuit pursuant to Federal Rules of Evidence 404.  Without waiving objection, I was convicted of Burglary in the City of Natchez, more than 20 years ago and have been convicted of (1) DUI (2) Domestic Violence charges, which does not carry a sentence in excess of one (1) year.

**INTERROGATORY NO. 4:**      Have you ever been placed on probation or parole as a result of any court appearance?  If your answer is in the affirmative, please furnish specifics concerning each offense, including the date, place, disposition of case, cause number, court, and sentence imposed.

**RESPONSE NO. 4:**  Objection, not relevant to the subject matter litigation, without waiving objection regarding the felony conviction and/or misdemeanor convictions, I was not placed on probation or parole.  I object to the question whether I have been place on probation or parole for misdemeanor convictions, because of irrelevant and because the statutory sentence does not imposed a sentence in excess of one (1) year.

**INTERROGATORY NO. 5:**      Have you ever been involved as a Plaintiff or Defendant in any other lawsuits or any other claims for money damages?  If your answer is in the affirmative, please furnish specifics concerning the allegations of any such lawsuits or claims,

2

including the names of all parties thereto, the court, the state, the county, and cause number under which the lawsuit was filed and the disposition of same.

**RESPONSE NO. 5:** No.

**INTERROGATORY NO. 6**: Are you now or have you ever been married? If your answer is in the affirmative, please list the maiden and married name of your past or present spouse or spouses; last known address (es), telephone number(s), and place(s) of marriage(s) and reason(s) for termination of the marriage(s). Please provide the same information for any children you have, whether you had them with one of your spouses or not.

**RESPONSE NO. 6:** No, I am not married, I was married to Stephanie Golden who resides at an unknown location in Vidalia, LA and subsequently I married to Debra Golden, who resides at an unknown location in Atlanta, GA. No children were born as a result of the marriages and I object to the reason for termination of the marriages as been irrelevant to the subject matter lawsuit.

**INTERROGATORY NO. 7:** State in specific detail the substance of your claim against Defendants Sheriff Payne, Dianne Gaston-Riley, Phillip Taylor and Lee Oatis Jackson and state in what manner you contend the Defendants allegedly violated your rights, constitutional or otherwise, giving rise to your claims against them, and please state each and ever act or omission committed by the Defendants which you claim makes him liable to Plaintiff.

**RESPONSE NO. 7:** George Payne, Dianne Gaston-Riley, Phillip Taylor, and Lee Oatis Jackson violated my rights pursuant to United States Code Sections 241 and 242. Specifically Lee Oatis Jackson caused juvenile detainees to beat and kick my body and Lee Oatis Jackson personally took me out the Harrison County Adult Detention Center into an open area and placed a glove on his hand and began beating and kicking me. Payne, Gaston-Riley and Taylor knew or

should have known of random beating of inmates, and they failed to implement a policy to abate the physical abuse of inmates by Harrison County jailers.

**INTERROGATORY NO. 8**: Please list and describe every specific incident, including the date and time of each incident, and any and all witnesses to the incident, whereby you claim that your constitutional rights were allegedly violated by Defendants, and please state how each Defendant allegedly violated your rights.

**RESPONSE NO. 8:** On or about the 26th day of February at approximately 1:37 a.m., I was arrested for Domestic Violence/Simply Assault. I was transported by a Gulfport police office to the Booking room of the Harrison County Adult Detention Center. After being in the booking area, I was sprayed with pepper spray and I was struck in the face by an unknown jailer. Later that morning on the 26th of February, I was awakened by juvenile detainees who were beating and kicking me.

On the 27th day of February 2005, I was taken from a cell by an unknown deputy sheriff jailer and I was delivered to Lee Oatis Jackson, who escorted me outside of the Harrison County jail facility, where he placed gloves on his hands and began beating and kicking me. While he was beating and kicking me, he shouted, "why you was beating Cnales in the present of my children." Lee Oatis Jackson assaulted me under Color of Law, which is a violation of 18 U.S.C. 242. Each Defendant named in the subject Complaint, knew or should have known that physical abuses by jailers toward inmates. One deputy sheriff jailer gave testimony that he abused more than a hundred inmates during his tenure as a jailer. Monthly reports were silenced to reporting inmate officer assault to the Untied States Justice Department. All defendants purposely suppress this knowledge of the abuse of inmates, which tantamount to condonation of the unjustified acts of the jailers.

**INTERROGATORY NO. 9:**    Please identify by name, address, and telephone number any and all witnesses whom you will or may call at the trial of this cause.

**RESPONSE NO. 9:** (1) Deputy Marble #253
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000

(2) Deputy Shane Carson #276
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000

(3) Deputy Geas
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000

(4) Rodney Everett
Address unknown
Phone No.: (228) 863-0016

(5) Thomas Hope
Address unknown
Phone No.: (228) 822-9992

(6) Deputy Michael Tippett
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000

(7) John E. Kennedy, Jr.
Address unknown
Gulfport, MS

(8) Trong Doc Le
Address unknown
Gulfport, MS

(9) Hon. Richard J. Smith
Municipal Court Judge

1922 23rd Avenue
Gulfport, MS 39502

(10) Capt. Campbell
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000

(11) Deputy Chandler
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000

**INTERROGATORY NO. 10:**     Please list by name, address, and telephone number all persons whom may have knowledge of the events complained of in your Complaint.

**RESPONSE NO. 10:**     See response to interrogatory No. 9.

**INTERROGATORY NO. 11:**     Please identify each individual whom you propose to call as an expert witness at the trial of this cause, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion. Please also furnish as a part of your answer to this Interrogatory, a resume or curriculum vitae of each proposed expert witness.

**RESPONSE NO. 11:**     Dr. John H. Miller. Dr. Miller will testify that he examined Plaintiff and observed scars that are consistent with infliction of blows and he will testify the cost of Plastic and Reconstructive Surgery. This interrogatory will be supplemented regarding producing Dr. Miller's resume or curriculum vitae.

**INTERROGATORY NO. 12:**     Do you contend that there was in existence an official policy, practice or custom of Harrison County Sheriff's Department, which resulted in injury or damage to you? If yes,

a. Identify and describe the official policy, practice, or custom;

6

b.  State the date on which the policy, practice or custom commenced;

c.  State all the underlying facts on which you base your answers to "a" and "b" above.

**RESPONSE NO. 12:**    Plaintiff contends there were an official policies as well as practice or custom that motivated physical abuse by Harrison County jailers toward inmates.

Plaintiff's contention is based upon the number of indictments, convictions and statement of the convicted jailers that were made during sentencing.  Plaintiff has no knowledge regarding of a written policy, but practice and custom of the pattern of the beating of inmates by jailers is supported by the confession and conviction of Harrison County jailers which escalated in the past eight (8) years at the Harrison County jail facility.

**INTERROGATORY NO. 13:**    List the names and addresses of all physicians and other health care or mental health care providers who examined or treated you for any illnesses claimed by you as a result of the incidents described in your Complaint, stating the dates of treatment, reasons for each visit and any diagnosed rendered.

**RESPONSE NO. 13:**    (1) Dr. John H. Miller
1133 45th Avenue
Gulfport, MS 39501
Scars on body were diagnosed on January, 2007

(2) Gulfport Memorial Hospital
20 31st Street
Gulfport, MS 39507
Phone No.: (228) 575-2520
Treated 4/5/05

(3) Health Assurance
Harrison County Adult Detention Center
10451 Larkin Smith Drive
Gulfport, MS 39503
Phone No.: (228) 896-3000
Treated 2/26/05 – 3/4/05

**INTERROGATORY NO. 14:**        Please identify each and every hospital, clinic, medical facility, or mental health facility at which you have been examined, confined, or treated for any injury or condition claimed by you to be the result of the incidents alleged in your Complaint, and please list as to each such facility its complete name, address and dates of treatment.

**RESPONSE NO. 14:**        See response to interrogatory No. 13.

**INTERROGATORY NO. 15:**        Please describe in detail any and all injures you allege to have suffered as a result of this incident. Including in your description any and all medical, physiological, mental health, or other treatment you have received or continue to receive as a result of this incident, including the names and addresses of any and all physicians, hospitals, physiologists, counselors, or other health care providers rendering treatment.

**RESPONSE NO. 15:**        Based upon the unjustified beating by inmates and Defendant Lee Otis Jackson, I sustained injuries to my back, chest, shoulder, eye, swollen of the face and many nights, I wake-up from sleep, screaming, "don't hit me." Because I did not have health insurance I was not finically able to receive the psychologically and physiological treatments. I went to the Memorial Hospital in Gulfport April 5, 2005, because of excruciating pains and have been finically able to satisfy the medical invoice.

**INTERROGATORY NO. 16:**        Please provide an itemized and detailed list of damages which you claim to have suffered as a result of the incidents alleged in your complaint, and please identify in this list each and every piece of evidence which you believe will support your claims.

**RESPONSE NO. 16:**        (1) Memorial Hospital: $524.30

(2) Dr. James H. Miller: $184.00
(evaluation of scars)

(3) Dr. John. H. Miller: $3,000.00
(estimate to remove scars)

(4) Loss of Income: I was and presently a self-employed contractor (brick mason) during the time of the incident I was paid $20.00 an hour. After my released from the Harrison County Jail on March, 2005 because of the beating, I was not physical able to work. Also, the type of work that I do, depends on the weather condition. Most jobs that I performed, I get paid cash and some by checks.

See attached invoices and I was employed as a contractor labor and I was paid with cash prior to my incarceration and sustained injuries in the Harrison County Adult Detention Center.

**INTERROGATORY NO. 17:**    Please identify by name, address, and telephone number each and every individual with whom you have discussed your allegations made in the Complaint, and please provide a brief description of the discussions you have had with each individual regarding this incident.

**RESPONSE NO. 17:**    Captain Steve Campbell and Captain Phillip Taylor, which interviews should be part the Harrison County Sheriff's investigative file.

**INTERROGATORY NO. 18:**    Have you obtained any statements, whether written, recorded, oral, or otherwise, from any of Defendants or any of their agency, employees, or representatives? If so, please identify the name of each individual from whom you obtained such statement. Please also provide a brief description of the substance of said statement.

**RESPONSE NO. 18:**    I received from Defendants' attorney pursuant to Pre-Discovery of Core information a transcript of an interview between Capt. Campbell and me. The statement was taken on March 3, 2005. My attorney has custody of said statement.

**INTERROGATORY NO. 19:**    Please list each and every criminal offense for which you were incarcerated at the Harrison County Adult Detention Center on or about February 26, 2005, and for each such charge, please state whether those charges are presently pending, or whether the charges against Plaintiff have been resolved. If they have been resolved, please state the manner in which they have been resolved, i.e., whether by acquittal, dismissal, conviction, or otherwise. If convicted, please state any sentence imposes. If any such charges remain pending, please state the date on which they are scheduled for trial.

**RESPONSE NO. 19:**    Objection to interrogatory No. 19 based upon the referenced interrogatory is irrelevant to pursuant to Rule of Evidence 803 (22).

**INTERROGATORY NO. 20:**    In Paragraphs 25-33 of your Complaint you alleged that Defendants violated Plaintiff's rights, privileges and immunities under 42 U.S.C. §1983. Regarding these allegations, please set forth the factual basis which you contend supports these allegations, and state the full name, area of specialty, expertise, complete address and telephone number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations. Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 20:**    See response to interrogatory No. 7 and 12. And further see response to interrogatory 11.

**INTERROGATORY NO. 21:**    In Paragraphs 34-37 of your Complaint you alleged that Defendants conspired to interfere with Plaintiff's civil rights in violation or 42 U.S.C. §1985. Regarding these allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and

telephone number of each person, including expert(s), who has knowledge of the facts or who

has opinions which you contend support these allegations. Furthermore, identify and give a

description of each document, treatise, journal, article, publication, or any other documentation

which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 21:**        Plaintiff contends that his civil rights was clearly violated

by Deputy Jackson pursuant to 42 U.S.C. Section 1983 and U.S.C. 242, Defendants Payne,

Riley, Gaston, Taylor, et al. promoted an unwritten policy to employ a pattern of abuse to

inmates at the Harrison County Adult Detention Center. The aforementioned theory is supported

by testimonies of convicted Harrison County Deputies within the past year. Even though Deputy

Jackson was terminated because of the willful and purposeful beating of me, but he was not

charged with Aggravated Assaulted by the Defendant Payne, who had first hand knowledge of

Deputy Jackson's conduct.

Harrison County Detention Facility Monthly Security Statistical Report purposely

omitted Assaulted / Inmate-office for the month of February 2005. The referenced report was

prepared by Captain Taylor, subsequent to interview plaintiff and purposely with knowledge of

an assault by Jackson on Golden, stated on the referenced report zero inmate/officer assault.

**INTERROGATORY NO. 22:**        In Paragraphs 38-41 of your Complaint you alleged

that Defendants were negligent or failed to prevent a conspiracy in violation of 42 U.S.C. §1986.

Regarding these allegations, please set forth the factual basis which you contend support these

allegations, and state full name, area of specialty, expertise, complete address and telephone

number of each person, including expert(s), who has knowledge of the facts or who has opinions

which you contend support these allegations. Furthermore, identify and give a description of

each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 22:**        The Plaintiff contends Defendants were negligent , because they knew there were a pattern of abuse by jailers at the Harrison County Adult Detention Center and failed to enact a policy of supervision to prevent further abuse.

**INTERROGATORY NO. 23:**        In Paragraphs 42-48 of your Complaint you alleged the Defendants failed to adequately train and supervise Defendant Jackson and John Does, which allegedly caused a deprivation of Plaintiff's constitutional rights, privileges and immunities. Regarding these allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and telephone number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations.  Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 23:**        The Plaintiff's allegations set-out on paragraph 42-48 of his complaint asserts that primary that Deputy Jackson had no training to refrain his conduct associated with this lawsuit.  Subsequent to receipt of Pre-Discovery Disclosure Information by Defendant's attorney report that Deputy training was contrary to the training that could have prevent his undesirable and willful conduct.

Further, Plaintiff's theory is supported by testimonies of former deputies who plead guilty of abusing inmates and gave testimony regarding their lack of training.

**INTERROGATORY NO. 24:**        In Paragraph 49-51 of your Complaint you alleged that Plaintiff was battered and that Defendants are liable to the Plaintiff.  Regarding these

allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and telephone number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations. Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 24:**        See Defendant's Pre-Discovery Disclosure Information sent to Plaintiff. See response to interrogatory No.21

**INTERROGATORY NO. 25:**        In Paragraphs 52-54 of your Complaint you alleged that Plaintiff was assaulted and Defendants are jointly and severally liable to the Defendant. Regarding these allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and telephone number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations. Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 25:**        See response to interrogatory No.21.

**INTERROGATORY NO. 26:**        In Paragraphs 55-57 of your Complaint you alleged that Defendants are liable to Plaintiff for civil conspiracy because Defendants allegedly acted independently and in concert with one another and entered into an agreement to engage in the conduct which was wrongful, intentional, willful and wanton causing injuries to Plaintiff. Regarding these allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and telephone

number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations. Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 26:**        See response to interrogatory No.21.

**INTERROGATORY NO. 27:**        In Paragraphs 58-59 of your Complaint you alleged that Defendants commit the tort of outrage. Regarding these allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and telephone number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations. Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

**RESPONSE NO. 27:**        See response to interrogatory No.21.

**INTERROGATORY NO. 28:**        In Paragraphs 60-67 of your Complaint you allege that Defendants intentionally and negligently caused Plaintiff emotional distress. Regarding these allegations, please set forth the factual basis which you contend support these allegations, and state full name, area of specialty, expertise, complete address and telephone number of each person, including expert(s), who has knowledge of the facts or who has opinions which you contend support these allegations. Furthermore, identify and give a description of each document, treatise, journal, article, publication, or any other documentation which you or your expert(s) contend supports these allegations.

14

**RESPONSE NO. 28:**        Based upon the willful and purposely conduct of Defendant

Jackson described in Pre-trial Core Information supports Jackson's intentions above as culpable

with other Defendants' knowledge of Jackson's conduct.  See response to interrogatory No. 21.

**INTERROGATORY NO. 29:**        In Paragraphs 68-72 of your Complaint you alleged

that Harrison County Sheriff's Department breached its duties by negligently hiring, supervising,

and retaining Defendant Jackson and John Does.  Regarding these allegations, please set forth

the factual basis which you contend support these allegations, and state full name, area of

specialty, expertise, complete address and telephone number of each person, including expert(s),

who has knowledge of the facts or who has opinions which you contend support these

allegations.  Furthermore, identify and give a description of each document, treatise, journal,

article, publication, or any other documentation which you or your expert(s) contend supports

these allegations.

**RESPONSE NO. 29:**        See response to interrogatory No.21.

**INTERROGATORY NO. 30:**        Please describe in detail all of your activities on

February 26-29, 2005, including in your description times, places, and the substance of what

occurred, as well as the names of any individuals who may be witnesses to your activities on said

dates.

**RESPONSE NO. 30:**        On or about February 26, 2007 at approximately 1:37 a.m.

I was arrested and charged with Domestic Violence.  Immediately after being placed in the

booking room by a Gulfport Police officer, I was sprayed with pepper spray and was punched in

the eye by an unknown Harrison County jailer.  Later in the day on the 26th of February, 2005,

Deputy Jackson directed several juvenile detainees to beat me by striking me in the head and

kicking my body, causing injuries to my head, back ribs and chest.  It was later  revealed the

juvenile detainees were promised and given extra trays of food for attacking me. On February

27, 2005, I was escorted by a deputy sheriff to an upstairs area of the jail, whereby, Deputy

Jackson intercepted me and took me to an outside area of the jail. Deputy Jackson, placed gloves

on his hands and began beating and kicking me, causing substantial injuries to my back, which I

am presently experiencing pains. Investigative reports concluded that Deputy Jackson confessed

to the unjustified beating of me.

   **RESPECTFULLY SUBMITTED**, this the 9th day of *November*, 2007.

           BOBBY J. GOLDEN

MELVIN G. COOPER
As To Objection by Counsel

**STATE OF MISSISSIPPI**
**COUNTY OF HARRISON**

   Personally came and appeared before me, the undersigned Authority in and for the

jurisdiction aforesaid, Bobby J. Golden, who first being duty sworn stated on oath that he signed

the above and foregoing Response to Defendant First Set of Interrogatories and that the

responses set forth are true and correct to the best of my recollection.

           BOBBY J. GOLDEN

   **GIVEN UNDER MY HAND AND OFFICIAL SEAL**, this the 9th day of

*November*, 2007.

           NOTARY PUBLIC

**MY COMMISSION EXPIRES:**
NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Feb 24, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

16

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the above and foregoing document by U.S. Mail, postage prepaid, to Cy Faneca, Esq. at his usual mailing address of P.O. Drawer W, Gulfport, MS 39502.

SO CERTIFIED, this the _9th_ day of _November_ 2007.

_MELVIN G. COOPER_

Melvin G. Cooper
Attorney for Plaintiff
178 Main Street, Suite 104
Biloxi, MS 39530
Phone No.: (228) 435-4529
Fax No.: (228) 435-2529
Bar No.: 8352