**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BOBBY J. GOLDEN**                                           **PLAINTIFF**

**VERSUS**                                               **CASE NO.: 1:06cv1006LG-JMR**

**HARRISON COUNTY, MISSISSIPPI;**            **DEFENDANTS**
**SHERIFF GEORGE PAYNE, OFFICIALLY AND
IN HIS INDIVIDUAL CAPACITY;
LEE OTIS JACKSON, OFFICIALLY AND IN HIS
INDIVIDUAL CAPACITY;
MAJOR DIANNE GASTON-RILEY, OFFICIALLY
AND IN HER INDIVIDUAL CAPACITY;
CAPTAIN RICK GASTON, BOOKING SUPERVISOR,
OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;
CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS
INDIVIDUAL CAPACITY, JOHN DOES 1-5,
OFFICIALLY AND IN THEIR INDIVIDUAL
CAPACITY**

## MOTION TO STRIKE DEFENDANTS' EXPERT WITNESS'S AFFIDAVIT

**COMES NOW,** plaintiff Bobby J. Golden by and through his Attorney of record and files this his Motion to Strike Defendants' Expert Witness's Affidavit and for his reasons, states the following, to-wit:

1.

That the plaintiff received Defendant Rick Gaston's Motion for Summary Judgment and Memorandum of Authorities in Support of Motion for Summary Judgment on or about July 7, 2008.

2.

That attached to Defendant Gaston's Memorandum and Authorities to Support Summary Judgment was an affidavit of W. Ken Katsaris, designated expert, marked as exhibit D.

3.

That the Defendants George Payne, Dianne Gaston-Riley, Phil Taylor and Lee Oatis Jackson attached to their Motion for Summary Judgment, Exhibit G, the affidavit of W. Ken Katsaris.

4.

That plaintiff contends that the affidavit of Defendants' expert witness (1) lack of qualification (2) flawed reasoning or methodology and (3) lack of relevance or "fit", being more particular, states his specific grounds in sufficient detail.

5.

Plaintiff attached Defendant's Expert Witness's Affidavit, marked herein as Exhibit "A."

6.

The expert witness's affidavit averred that plaintiff Golden was "transported for treatment to Memorial Hospital prior to being transported to the Harrison County Adult Detention Center. His condition and injuries were properly noted for booking into the Harrison County Adult Detention Center." The expert witness's statement is clearly incorrect and lack relevance or "fit". Plaintiff Golden subsequent to his arrest, was taken directly to the Harrison County Adult Detention Center, not Memorial Hospital. Based upon the fact that plaintiff Golden was not taken to Memorial Hospital, lead to the question, how could his condition and injuries were properly noted for booking into the Harrison County Adult Detention Center. Further, plaintiff condition and injuries sustained at the home of his ex-girlfriend are not relevance to the subject matter lawsuit.

7.

On page 4, paragraph numbered 2 of Defendants' expert's affidavit, it stated, while being booked into the Harrison County Adult Detention Center, plaintiff was engaged in physical and verbal resistance. The Harrison County narrative reports are silent of plaintiff engaged in physical resistant. The produced video does not support Defendants' expert witness assertion.

Again, the Defendant proffered opinion must "fit" the issues to be decided and must assist the trier of fact. The arresting police report stated that plaintiff Golden was extremely intoxicated and very belligerent and verbally abusive toward the arresting officers. Plaintiff Golden surmise that the word belligerent mean different from the word physical resistant.

Again, on page 4, paragraph numbered 2, the Defendants' expert witness formed his opinion "that plaintiff Golden physical and verbal resistance in the booking area was appropriately and objectively reasonably responded, to and with policy." The Defendants' expert opinion asserted in his affidavit suffers with flawed reasoning and/or methodology, lack of qualification and relevance. Objectively reasonable is an issue for the trier of fact. The question raised is what methodology or reasoning has the expert used for his opinion. His opinion is not supported by the arresting police report, Harrison County narrative reports or the video.

8.

In the second paragraph numbered 2 on page 4 of the Defendants' expert witness affidavit, "he stated the allegations that Golden was physically beaten were substantiated. However, the investigation, which was reasonable and thorough, including the administration of the polygraph to seek the truth, revealed that Deputy Lee Jackson physically abused Golden, not some unknown juveniles." Again, the Defendants' expert witness demonstrated flawed reasoning and methodology. The Defendants' expert witness relied on the administration of a polygraph examination to seek the truth. As the Court is well learned, that polygraph examinations are not admissible to seek the truth in a court of law.

Further, the expert witness averred plaintiff was not physically abused by some unknown juveniles. Allow plaintiff Golden to invite Defendants' expert witness to review the Harrison County Sheriff's Office Narrative Form date February 28, 2005, page 1 paragraph 1. FTO Shane Carson informed Defendant Phil Taylor that he had information that several juvenile inmates

3

were given extra food trays by an officer as payment for assaulting an inmate. Harrison County Narrative Form dated March 1, 2005 page 2 paragraph 4, marked as Exhibit "B", Inmate Jerrod Lee Doc ##269355 states, "Inmates were paid extra food trays to assault the old man." It appeared to him that Defendant Lee and the officer had been talking to each other about this because one of them mentioned "that this was his babies momma." Further, Deputy Marble stated he observed Defendant Jackson give inmate John Kennedy, a juvenile, an extra food tray. See Harrison County Sheriff's Department Professional Standards Unit dated March 15, 2005 page 2, paragraph 2, marked as Exhibit "C". On March 14, 2005, page 10 paragraph 8 of FTO Shane Carson's transcript, FTO Shane Carson stated to Captain Campbell that he told Defendant Lee, "Well I've been hearing certain things. And you know it's something about you paying or somebody paid somebody else to jump somebody." And he (Lee) smiled. See FTO Shane Carson's transcript, marked as Exhibit "D". See affidavit marked as Exhibit "E" of Rodney Everett, who was an inmate at the time of plaintiff Golden's incarceration at the Harrison County Adult Detention Center, who has knowledge of the juveniles detainees beating of Golden.

It appeared in the expert witness's affidavit, which is a dead giveaway that there was heavy lawyer involvement, when he concluded that Defendant Jackson use excessive force. The exact statement was, "Therefore, Jackson did use excessive force against Golden, but because he did so willfully, he was committing deliberate act which is outside of the scope of his duties as a Deputy Sheriff. This willful conduct by Jackson was not a part of any duty performance or interaction with Golden because of any of his roles as a Correction Deputy." The above conclusion goes beyond the expert witness education, experience, professional papers studies and seminars. Regarding the listed specialization of the expert, he lacks qualifications to opine in the area for, which the jury requires expert testimony.

9.

On page 5, paragraph no. 5 of the expert's affidavit, he opined "The policies and procedures of the Harrison County Adult Detention Center, specifically on "use of force" and Health Care" were adequate and reasonable."  Based upon the produced training certificates of Defendant Jackson, he only received use of force training on September 29, 2004 for fifteen (15) minutes.

10.

In conclusion, the Supreme Court in Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999), held that the Daubert analysis does not apply only to scientific evidence, but also applies to the "technical, or other specialized knowledge", listed in Rule 702.  In conclusion, Expert's opinion is unreliable and should not be admitted if facts are inadequate and sources ruled upon do not support the opinion.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff requests the Honorable Court to Strike Defendants Expert Witness Affidavit for the above reasons stated.  Plaintiff requests any additional relief this Court deem just and equitable.

**RESPECTFULLY SUBMITTED,** this the 6th day of August, 2008.

                                        BOBBY J. GOLDEN
                                        PLAINTIFF

                    By:    s/*Melvin G. Cooper*
                              MELVIN G. COOPER

Melvin G. Cooper
Attorney for Plaintiff
178 Main Street, Suite 104
Biloxi, MS  39530
Phone: 228-435-4529
Fax: 228-435-2529
Bar No.: 8352

## **CERTIFICATE OF SERVICE**

I, hereby certify that on this the 6th day of August 2008, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which sent notification of such filing to the following parties:

>Cy Faneca, Esq.
>Dukes, Dukes, Keating and Faneca, P.A.
>P.O. Drawer W
>Gulfport, MS 39502
>
>
>Karen J. Young, Esq.
>Meadow Law Firm
>P. O. Box 1076
>Gulfport, MS 39502
>
>
>Jim Davis, Esq.
>1904 24th Avenue
>Gulfport, MS 39501

**SO CERTIFIED**, this the 6th day of August, 2008.

>s/*Melvin G. Cooper*
>MELVIN G. COOPER