IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BOBBY J. GOLDEN,

    Plaintiff,

vs.

HARRISON COUNTY, MISSISSIPPI;
SHERIFF GEORGE PAYNE, Officially and
in his individual capacity;
LEE OATIS JACKSON, Officially and
in his individual capacity;
MAJOR DIANNE GATSON-RILEY, Officially
and in her individual capacity;
CAPTAIN RICK GASTON, BOOKING SUPERVISOR,
Officially and in his individual capacity;
CAPTAIN PHILLIP TAYLOR, Officially and
in his individual capacity; JOHN DOES 1-5,
Officially and in their individual capacity,

    Defendants.

_____/

### AFFIDAVIT OF W. KEN KATSARIS

Before me, the undersigned authority, personally appeared W. Ken Katsaris, who being duly sworn, states:

A.    I am currently a certified Florida Law Enforcement Officer/Instructor and consultant in both Law Enforcement and Corrections. I have instructed in a wide area of law enforcement and corrections subjects at the Regional Police/Corrections Academies. I also currently instruct in the nationally recognized AELE Police and Jail Liability Seminars for attorneys and agency/jail/prison commanders.

My experience includes service as both a jail and police officer for the St. Petersburg Florida Police Department, Police Officer with the Tallahassee Florida Police Department, Trooper with the Florida Highway Patrol, the elected Constitutional Sheriff of

1


EXHIBIT "A"

Leon County, Florida (Tallahassee), which included the management of the Leon County Jail. After leaving the office of Sheriff, I was appointed to the position of Assistant to the Secretary of Corrections for the State of Florida Department of Corrections (DOC), with liaison responsibilities to all 67 of Florida's jails.

My academic instructional background includes ten (10) years as the Department Chairman of the Criminal Justice Program at the Tallahassee Community College, Tallahassee, Florida, where I taught both corrections and law enforcement courses. I also served as Adjunct Professor in both Criminology and Social Work at the Florida State University (Tallahassee, Florida).

I am a certified use of force instructor and have taught throughout the nation consistently for over 15 years. I instruct on the use of force standards and procedures for handling jail and prison inmates. I have been retained as a consultant by jails of all sizes, including the largest jail in the country, the Los Angeles County Jail. As a litigation consultant I have been retained by both the plaintiff and defendant and have testified on use of force issues in both state and federal courts.

During the tenure of two Florida Governors, I was appointed to the position of Commissioner of the Florida Corrections Standards and Training Council where I participated in setting policy and standards for <u>all</u> corrections agencies <u>and</u> officers in Florida. Additionally, I have served as a consultant to the Florida Criminal Justice Standards and Training Commission in the development of a model basic training program for all jail and prison officers in Florida.

B. To prepare for rendering opinions, I have reviewed and largely relied upon the following materials as the basis of my opinions:

1. Complaint

2. Answer, Defenses and Affirmative Defenses of Sheriff George Payne, officially and in his individual capacity; Captain Rick Gaston, Booking Supervisor, Major Dianne Gaston-Riley, officially and in her individual capacity; and Captain Phillip Taylor, officially and in his individual capacity

3. Amended Complaint

4. Answer, Defenses and Affirmative Defenses of Sheriff George Payne, Jr., officially and in his individual capacity; Captain Rick Gaston, Booking Supervisor, Major Dianne Gatson-Riley, officially and in her individual capacity; and Captain Phillip Taylor, officially and in his individual capacity; and Lee Oatis Jackson in his official capacity only to Amended Complaint

2

5. Pre-Discovery Disclosure of Core Information of Sheriff George Payne, Jr., officially and in his individual capacity; Captain Rick Gaston, Booking Supervisor, Major Dianne Gaston-Riley, officially and in her individual capacity; and Captain Phillip Taylor, officially and in his individual capacity; and Lee Oatis Jackson in his official capacity only

6. Supplemental Pre-Discovery Disclosure of Core Information by Plaintiff Bobby Golden

7. Supplemental Pre-Discovery Disclosure of Core Information by Defendants Sheriff George Payne, Jr., officially and in his individual capacity; Dianne Gaston-Riley, officially and in her individual capacity; Captain Phillip Taylor, officially and in his individual capacity; and Lee Oatis Jackson, in his official capacity

8. Plaintiff/Defendant Discovery

9. Policy and Procedures

10. General Order #10

11. Plaintiff's Designation of Experts

12. Surveillance

C. The below listed opinions were formulated based on my experience, training and education in the corrections field, the standard of care recognized by Corrections Organizations and Officials throughout the U.S. as the custom and practice for the administration, management and supervision of corrections agencies and personnel. The opinions are based on my knowledge of the training of Corrections Officers throughout the U.S. in addition to my knowledge of the written standards and materials generally available for training and guiding Corrections Officers in their every day assignments.

D. Pursuant to engagement by attorneys for the Defense in the above named case, I conducted an exhaustive review of all of the above materials. As a result of the review of these materials, which I relied upon as the basis for my opinions, I render the below opinions:

1. Bobby Joe Golden was arrested on February 26, 2005 for a series of charges involving a domestic violence encounter with an ex-girl friend and her boy friend. Golden received injuries at the scene that involved obvious injuries to his face and neck, which were observed and documented by the Gulfport Police during his arrest. Golden

3

Case 1:06-cv-01006-LG-JMR   Document 109-7   Filed 07/07/2008   Page 4 of 6
Case 1:06-cv-01006-LG-JMR   Document 124-2   Filed 08/06/08   Page 4
Case 1:06-cv-01006-LG-JMR   Document 95-2   Filed 05/06/2008   Page 4 of 23

offered resistance to the arresting officers, which was indicated to be associated with his extreme intoxication that even resulted in involuntary urination and defecation. Golden was transported for treatment to Memorial Hospital, prior to being transported to the Harrison County Adult Detention Center. His condition and injuries were properly noted for booking into the Harrison County Adult Detention Center.

2. Bobby Joe Golden, while being booked into the Harrison County Adult Detention Center for domestic violence and related charges also engaged in physical and verbal resistance with booking officers, resulting in OC spray being used as a low level force option to control his resistance. The use of OC spray even prior to physical force options is a recognized and accepted police practice throughout the U.S. Therefore, it is my opinion that Golden's physical and verbal resistance in the booking area was appropriately, and objectively reasonably responded to, and within policy.

3. Bobby Joe Golden also alleges that he was attacked while asleep during his incarceration at the Harrison County Adult Detention Center the day after his booking, which was February 26, 2005. His initial belief was that juvenile offenders were given access to him, and given extra food incentives by Deputy Lee Jackson to physically injure Golden. Golden believed Jackson would do this because he had physically abused Jackson's former girl friend, which was the basis for Golden's arrest by Gulfport Police.

    The allegations that Golden was physically beaten were substantiated. However, the investigation, which was reasonable and thorough, including the administration of the polygraph to seek the truth, revealed that Deputy Lee Jackson physically abused Golden, not some unknown juveniles. The allegation by Jackson that Deputy (FTO) Carson was complicit with Jackson's involvement was found to be false after administration of the polygraph. Therefore, Jackson <u>did</u> use excessive force against Golden, but because he did so wilfully, he was committing a <u>deliberate</u> act which is outside of the scope of his duties as a Deputy Sheriff. This willful conduct by Jackson was not a part of any duty performance or interaction with Golden because of any of his roles as a Corrections Deputy.

3. Golden was provided reasonable medical assistance when Deputy Marble was informed of Golden's injuries. Deputy Tippets attended to Golden while Deputy Marbel called for a nurse to respond on his

radio. At this time, Deputy Jackson was on-scene, and was trying to discourage calling a nurse. Golden was taken to the Sallyport where Deputy Chandler further assisted Golden until medical personnel arrived and treated his injuries. This response by jail personnel was reasonable, and the medical intervention was properly carried out. Certainly this response lacks any semblance of actions that would qualify as deliberate indifference to Golden's medical needs, and any efforts by Deputy Jackson to interfere with proper and reasonable medical intervention was rebuffed by all other deputies involved.

4. Lee Jackson was found solely responsible for the force used on Golden and was terminated by "Letter of Disciplinary Action" on March 16, 2005, for violating General Order #1, 5, 5.8, Code of Conduct, signed by Sheriff George H. Payne, Jr. The termination was effective "immediately." This final resolution was reached within three weeks of the initial allegations of Golden. Certainly the time and effort expended on this investigation is exemplified by the documentation and speedy resolution -- a resolution well within the time parameters for resolving such egregious conduct allegations, recognized throughout the U.S. for completion of, and resolution of, internal investigations.

5. The policies and procedures of the Harrison County Adult Detention Center, specifically on "Use of Force" and "Health Care" were adequate and reasonable. Deputies were not only properly trained on these policies but with the exception of the willful and deliberate act by Deputy Jackson, which was outside of the scope of his duties as a Correctional Deputy, but they also properly and reasonably responded to Golden from booking to release.

6. Supervision of the Harrison County Adult Detention Center by the Sheriff, and each of the chain of command below the Sheriff, properly and reasonably executed their duties concerning the oversight of the allegations of Golden's incarceration and complaints. Proper investigation was initiated, supervised, and concluded with a reasonable and just resolution.

E. If further discovery materials are provided, they will be thoroughly reviewed, and may have an impact on the above opinions. If this should occur, these revised/new opinions will be immediately revealed to the retaining party. I reserve the right to supplement and amend my opinions based upon additional information provided to me.

F. As an attachment I incorporate Exhibit "A", a complete curriculum vitae

which cites a complete 36 year history I have as a member, instructor and consultant in the Criminal Justice field and a list of cases in which I have testified as an expert at trial or by deposition within the preceding four years. To date I have been paid $6,000.00.

Respectfully submitted this ___6th___ day of May, 2008.

W. Ken Katsaris

STATE OF FLORIDA
COUNTY OF LEON

Sworn and subscribed to this ___6th___ day of May, 2008, by W. Ken Katsaris, who is personally known to me.

Sara S. Alligood, Notary Public

My Commission Expires:



SARA S. ALLIGOOD
MY COMMISSION # DD 417586
EXPIRES: June 16, 2009
Bonded Thru Pichard Insurance Agency