**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**BOBBY J. GOLDEN**                                                                                          **PLAINTIFF**

**VERSUS**                                                                             **CASE NO. 1:06cv1006LG-JMR**

**HARRISON COUNTY, MISSISSIPPI;**
**SHERIFF GEORGE PAYNE, OFFICIALLY AND**
**IN HIS INDIVIDUAL CAPACITY; LEE OATIS**
**JACKSON, OFFICIALLY AND IN HIS**
**INDIVIDUAL CAPACITY; MAJOR DIANNE**
**GASTON-RILEY, OFFICIALLY AND IN HER**
**INDIVIDUAL CAPACITY; CAPTAIN RICK**
**GASTON, BOOKING SUPERVISOR,**
**OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;**
**CAPTAIN PHILLIP TAYLOR, OFFICIALLY**
**AND IN HIS INDIVIDUAL CAPACITY; JOHN**
**DOES 1-5, OFFICIALLY AND IN THEIR INDIVIDUAL**
**CAPACITY**                                                                                                  **DEFENDANTS**

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERT WITNESS'S AFFIDAVIT**

---

COME NOW, Defendants, Sheriff George Payne, Officially and in His Individual Capacity; Major Dianne Gaston-Riley, Officially and in Her Individual Capacity; Captain Phillip Taylor, Officially and in His Individual Capacity, and Lee Otis Jackson, in his Official Capacity only, by and through their attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., reserving all other defenses and privileges to which they may be entitled, and file this their Response to Plaintiff's Motion to Strike Defendants' Expert Witness's Affidavit, and would respectfully show unto the Court the following, to wit:

1

In paragraph four (4) of the Plaintiff's Motion to Strike, the Plaintiff contends that the affidavit of Defendants' expert witness (Ken Katsarsis) should be stricken because Mr. Katsarsis lacks qualification; used flawed reasoning or methodology; and his opinion lacks relevance or "fit".

## I.

Plaintiff contends that Defendants' expert witness Ken Katsarsis, is not qualified to testify as an expert witness in this cause.. Other than complaining in paragraph four (4) that Ken Katsarsis "has lack of qualification", Plaintiff makes no specific allegation regarding expert Ken Katsarsis's lack of qualifications nor does he point to any deficit in expert Ken Katsaris's education, training, experience or qualifications to give opinions as an expert in this matter. As is noted on Ken Katsarsis's Curriculum Vitae attached as (**Exhibit "A"**), Mr. Katsarsis has previously been accepted as an expert witness and rendered trial testimony in sixty (60) cases, twenty-seven (27) of which were in Federal District Courts throughout the United States.

## II.

Plaintiff then cites examples where he alleges expert Ken Katsarsis used flawed reasoning or methodology, that his opinions lacked relevance and that Ken Katsarsis's opinions did not "fit", apparently meaning that Ken Katsarsis's opinions did not match those of the Plaintiff.

## III.

For example, in paragraph six (6) of Plaintiff's Motion to Strike, Plaintiff disagrees with Ken Katsarsis's opinion regarding Plaintiff's condition and injuries when the Plaintiff was booked into the Harrison County Adult Detention Center. Plaintiff asserts that his

condition and injuries sustained at the home of his ex-girlfriend, which were inflicted upon him by his ex-girlfriend's current boyfriend, are not relevant to this lawsuit. To the contrary, the narrative report (attached as **Exhibit "B"**) of the Gulfport Police Department's arrest report, indicates that the arresting officers, when they arrived at the scene, found the Plaintiff face down on the floor bleeding from the mouth and that they also observed several cuts on the Plaintiff's face and neck. Plaintiff's ex-girlfriend and complaining witness, Nida Cnales, stated that when Golden began assaulting her, Cnales' friend Earnest Phillips punched Golden several times in an attempt to get him (Golden) off of Cnales. As Plaintiff alleges he was injured during the booking process subsequent to this arrest, his altercation with Earnest Phillips and the injuries received by the Plaintiff prior to his booking certainly are relevant.

IV.

Plaintiff next objects to Ken Katsarsis's opinion that "Plaintiff Golden's physical and verbal resistance in the booking area was appropriately and objectively reasonably responded to and within policy". Plaintiff complains that this opinion did not "fit" the issues to be decided, meaning that the Plaintiff does not agree with this opinion. Plaintiff explains his objection, saying that he "surmises" that the word belligerent is different from the word physical.

V.

Plaintiff objects in paragraph eight (8) to Ken Katsarsis's opinion "the allegations that Golden was physically beaten were substantiated. However the investigation, which was reasonable and thorough, including the administration of the polygraph to seek the truth, revealed that Deputy Lee Otis Jackson physically abused Golden, not some unknown

3

juveniles."

Plaintiff complains that Ken Katsarsis's opinion demonstrated flawed reasoning and methodology and that Mr. Katsarsis relied on the administration of a polygraph examination to seek the truth. The polygraph complained of was administered to Deputy Carson in an attempt to learn if Deputy Carson was complicate and involved in the assault upon the Plaintiff. This polygraph indicated that Deputy Carson was not involved in the abuse of Plaintiff Golden. (See Narrative Report of Steve Campbell **Exhibit "C"**). Defendant Lee Otis Jackson did not have a polygraph, but admitted to Internal Affairs Supervisor Steve Campbell that he assaulted the Plaintiff in the Harrison County Adult Detention recreation yard.

In paragraph eight (8) Plaintiff next differs with Ken Katsarsis's opinion; "...reveals that Deputy Lee Otis Jackson physically abused Golden , not some unknown juveniles". In this case the HCADC officials took Plaintiff's allegation of being assaulted by juvenile inmates seriously and did a full and thorough investigation of same. This investigation revealed the identities of four (4) juvenile inmates who may have assaulted the Plaintiff, although all four (4) juveniles denied they assaulted the Plaintiff. When provided with photos of these four (4) juveniles, the Plaintiff declined to identify any of the juveniles as his attackers, telling (See paragraph eighteen (18) of Plaintiff's original Complaint) Captain Taylor that he could not identify the juveniles out of fear of a subsequent beating. Hence in this case there was no finding that the accused juveniles actually beat the Plaintiff and no disciplinary action was taken against the juveniles, because they all denied any involvement and the Plaintiff refused to identify any of them. Plaintiff alleges in paragraph thirteen (13) of his original Complaint that Defendant Deputy Lee Otis Jackson caused two

(2) juvenile detainees to beat Plaintiff Golden by striking him on the head and by kicking his body, causing injuries to his head, back, ribs, and chest. Assuming for arguments sake that this "Juvenile Beating " incident happened any injuries received by the Plaintiff would be the responsibility of Deputy Lee Otis Jackson, who in his individual capacity was acting outside the course and scope of his employment by engaging in a personal vendetta against the Plaintiff.

Finally in paragraph eight (8) of Plaintiff's Motion to Strike, Plaintiff takes issue with expert Ken Katsarsis's conclusion that when Defendant Lee Otis Jackson assaulted the Plaintiff in the recreation yard of the HCADC, that Defendant Jackson used excessive force.  Plaintiff specifically objects to Ken Katsarsis's conclusion that Lee Otis Jackson did use excessive force against Golden during this recreation yard beating, and that Jackson's actions were a deliberate act which were outside the scope of his duties as a deputy sheriff.  During Deputy Lee Otis Jackson's interview with the HCADC Internal Affairs Supervisor Steve Campbell, (See Narrative Report of Steve Campbell attached hereto as **Exhibit "C"**), Lee Otis Jackson admitted that he had beaten the Plaintiff in the recreation yard and that the reason was because the complaining witness, Nida Cnales was Jackson's ex-girlfriend and mother of his children.  During his deposition Plaintiff described the beating he received at the hands of Deputy Jackson while in the recreation yard of the HCADC , (as described in detail in Golden's deposition P72, L2 to P73,L15 attached hereto as **Exhibit "D")**.

5

VI.

In paragraph nine (9) Plaintiff complains that Ken Katsarsis's opinion that the "Policies and Procedures of the Harrison County Adult Detention, specifically on Use of Force, and Healthcare were adequate and reasonable", is not correct, because the produced training certificates of Lee Otis Jackson indicate that Deputy Jackson only received training on September 29, 2004 for fifteen minutes.  To the contrary, **Exhibit "E",** log and certificates of Lee Otis Jackson show that he did receive the required training.  In addition, Deputy Jackson's training is irrelevant regarding his actions in a personal vendetta against the Plaintiff.

## **CONCLUSION**

While complaining that expert Ken Katsarsis is not qualified to give the opinions that he gave, Plaintiff makes absolutely no assertion or any specific allegation regarding Defendants' expert Ken Katsarsis's qualifications to give opinions in this matter.  The Plaintiff generally complains that the opinions listed in his Motion to Strike, do not "fit" Plaintiff's own opinion. The Fifth Circuit Court of Appeals, in <u>Hodges v. Mock Trucks, Inc</u>. 474 F.3d 188 (5th Cir. 2006) explained:

> Rule 702 was amended in 2000, in response to the Supreme Court's decisions in Daubert and Kumho Tire.  See Advisory committee Notes on Fed.R.Evid. 702 (2000 Amendments).  A party seeking to introduce expert testimony must show "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the priciples and methods reliably to the facts of the case".  Fed.R.Evid.702.

Although Plaintiff's titles his pleading a Motion to Strike Defendants' expert witness Ken Katsarsis's affidavit (report), it is in effect a "Daubert" challenge attempting to

disqualify Ken Katsarsis from testifying. Plaintiff's attempt to disqualify Ken Katsarsis as Defendants' expert because Mr. Katsarsis's opinion does not "fit" the Plaintiff's opinion in a few specific areas is a "backdoor" and improper Daubert challenge.

WHEREFORE PREMISES CONSIDERED, Defendants request the Court to deny Plaintiff's Motion to Strike Defendants' Expert Witness Affidavit.

RESPECTFULLY SUBMITTED, this 29th day of August, 2008.

**SHERIFF GEORGE PAYNE, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY; MAJOR DIANNE GASTON-RILEY, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY; CAPTAIN PHILLIP TAYLOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY, AND LEE OTIS JACKSON, IN HIS OFFICIAL CAPACITY, Defendants**

BY: **DUKES, DUKES, KEATING & FANECA, P.A.**
BY: *s/Cy Faneca*
CY FANECA, MSB #5128

CY FANECA, MSB #5128
JOE C. GEWIN, MSB#
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:** (228) 868-1111
**Facsimile:** (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Counsel for Plaintiff:
> Melvin G. Cooper, Esq.
> 178 Main Street, Suite 104
> Biloxi, MS 39530
>
> Counsel for Harrison County:
> Joseph R. Meadows, Esq.
> Post Office Drawer 550
> Gulfport, MS 39502

This, the 29th day of August, 2008.

> *s/Cy Faneca*
>
> CY FANEA