## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY J. GOLDEN** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:06CV1006 LG-JMR** |
| | § | |
| **HARRISON COUNTY, MISSISSIPPI,** | § | |
| **SHERIFF GEORGE PAYNE, LEE OTIS** | § | |
| **JACKSON, MAJOR DIANNE GATSON-** | § | |
| **RILEY, CAPTAIN RICK GASTON,** | § | |
| **CAPTAIN PHILLIP TAYLOR, and** | § | |
| **JOHN DOES 1-5** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT are the Motions for Summary Judgment filed by Rick Gaston [108] and Dianne Gatson-Riley, Lee Oatis Jackson, George Payne and Phillip Taylor [110]. Harrison County joined [119] in the individual officers' requests for summary judgment in their official capacities. Golden moved to strike [124] the affidavit of the Defendants' expert witness filed in support of Gaston's summary judgment motion, and the Harrison County officials moved to strike [130] certain exhibits attached to Golden's response to the summary judgment motions.[1] After careful consideration of the parties' arguments and the relevant legal authority, the Court finds no question of material fact for the jury in regard to Plaintiff's claims against the movants.

DISCUSSION

F<small>ACTS</small>:

In this lawsuit, Golden complains about the treatment he received from officers at the Harrison County Adult Detention Center after he was arrested in the early morning of February

---

[1] Most of the Motions have been fully briefed. The exception is Defendant's Motion [130] to Strike Plaintiff's Evidentiary Exhibits "P4" through "P7," to which Plaintiff did not file a response.

26, 2005.  The parties do not dispute the events leading up to Golden's arrest, and agree that

Golden was intoxicated and "verbally abusive."

      Golden alleges that once he was placed in the booking room of the HCADC, he was

sprayed with mace and punched in the eye by an unknown jailer.  Compl. 3 (¶12).  Further,

Golden alleges that later that same day, Deputy Sheriff Lee Oatis Jackson caused two juvenile

detainees to beat him, striking him on the head and kicking his body.  Compl. 3 (¶13).  Golden

alleges that the next day, Deputy Sheriff Lee Oatis Jackson took him to an outside area and hit

and kicked him about the head and body for approximately three to five minutes.  Compl. 3 (¶

14, 17).  Golden alleges that Jackson's motivation in beating him was that Jackson was angry

about Golden's arrest, because it involved Jackson's "girl" and was in the presence of his

children.  Compl. 4 (¶ 15-16).  After the beating, Jackson placed Golden in an isolated cell.

Compl. 4 (¶ 17).

      Golden alleges he was later brought to Captain Phillip Taylor's office, where Taylor

questioned him about the assault by the juvenile detainees.  Taylor attempted to get Golden to

identify the juveniles, but Golden refused "out of fear of a subsequent beating."  Compl. 4 (¶ 18).

Golden was then interviewed by an officer he believed was in charge of the Internal Affairs Unit

of the Harrison County Sheriff's Department.  Compl. 4 (¶19).  The officer told Golden he was

investigating the beating allegations.  Golden was treated by medical professionals at the

HCADC beginning February 28, until March 4, 2005.  Compl. 4-5 (¶ 20).  The Harrison County

Sheriff's Department conducted an internal investigation between March 3 and March 14, 2005.

Ct. R. 123-10.  The investigator interviewed seven people, including the Plaintiff.  Jackson was

placed on administrative leave after his interview on March 4, 2005.  Jackson's administrative

hearing was conducted March 10, and the Hearing Board determined that Jackson had indeed

beaten Golden in the outdoor recreation yard.  Ct. R. 123-10 p. 4.  This was the ultimate

conclusion of the March 15, 2005 internal investigation report as well.  *Id.* at 5.  Jackson's

employment was terminated immediately on March 16, 2005.  Ct. R. 116-2 p. 2.

PLAINTIFF'S CLAIMS:

Golden brings the following claims against Sheriff Payne and Officers Gaston, Gatson-

Riley, and Taylor:[2]

> 1) Under 42 U.S.C. § 1983, for failure to adequately train and supervise HCADC officers, violation of the Equal Protection Clause, 14th Amendment procedural and substantive due process, 4th Amendment excessive force, and 5th Amendment due process rights;[3]

> 2) Under 42 U.S.C. § 1985, for conspiracy to interfere with civil rights;

> 3) Under 42 U.S.C. § 1986, for negligent failure to prevent conspiracy;

> 4) State law claims of civil conspiracy, assault, battery, outrage, intentional and negligent infliction of emotional distress, and negligent supervision, hiring and retention.

Golden has sued Sheriff Payne and Officers Gaston, Gatson-Riley, Jackson and Taylor in

both their official and individual capacities.  The liability of these officers in their official

capacities, if any, is coextensive with Harrison County's liability.  *Holland v. City of Houston,* 41

F.Supp.2d 678, 689 (S.D. Tex. 1999).  This is because "[a] suit against an official in his official

capacity is not a suit against the official personally, but rather is a suit against the official's

office," and therefore, "it is no different than a suit against the [County] itself." *Id.* (citations

---

[2]  Defendant Lee Oatis Jackson has not requested summary judgment as to the claims against him in his personal capacity, and therefore the Court does not include them in this discussion.

[3]  Although he invokes the Equal Protection Clause, Golden has not alleged any facts in support of an Equal Protection Clause claim.

omitted).  Thus, when a government has received notice and an opportunity to respond to a claim in an official-capacity suit, the suit is treated as if it is against the government entity.  *Id.*  (citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)).  Consequently, "there is no longer a need to bring official-capacity actions against local government officials, for under *Monell* ... local government units can be sued directly for damages and injunctive or declaratory relief." *Holland,* 41 F.Supp.2d at 689 (quoting *Kentucky,* 473 U.S. at 167, n. 14); *see Monell v. Dep't of Soc. Service,* 436 U.S. 658, 690 (1978).  Thus, in the present case, Plaintiff's claims against former Sheriff Payne and the remaining Harrison County Officers in their official capacities are "merely redundant and [are] of no independent legal significance." *Holland,* 41 F.Supp.2d at 689.

The Standard of Review:

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex,* 477 U.S. at 323).  If the moving party meets this burden, Rule 56(c) requires the nonmovant to go

beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions

on file, or other admissible evidence that specific facts exist over which there is a genuine issue

for trial. *Id.* (citing *Celotex,* 477 U.S. at 324).  In reviewing the evidence, "the court must draw

all reasonable inferences in favor of the nonmoving party, and it may not make credibility

determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prod. Inc.,* 530 U.S. 133,

150 (2000).  Factual controversies are to be resolved in favor of the nonmovant, "but only when

... both parties have submitted evidence of contradictory facts."  *Little,* 37 F.3d at 1075.

CHALLENGES TO THE SUMMARY JUDGMENT EVIDENCE:

There are two challenges to the evidence submitted in connection with the summary

judgment motions.  First, the Plaintiff objects to the affidavit of the Defendants' expert witness.

*See* Ct. R. 124.  Because the Court does not rely on any part of this affidavit in reaching its

conclusions, the objection is moot.  Second, the Defendants object to Plaintiff's submission of

newspaper articles and other reports.

The Defendants object to evidentiary exhibits "P4" through "P7" attached to Plaintiff's

Response to the Defendant's Motion for Summary Judgment.  Exhibits "P4" through "P6" are

newspaper articles reporting on the U.S. Department of Justice's investigation of the HCADC,

and the indictments, guilty pleas, and other civil proceedings of former Harrison County Sheriff's

Department officers.  Plaintiff relies on the information in the articles to show that there was a

custom, policy or practice of allowing violence against detainees by jailers.  Newspaper articles,

however, are not proper summary judgment evidence to prove the truth of the facts that they

report because they are inadmissible hearsay.  *James v. Tex. Collin County*, 535 F.3d 365, 374

(5th Cir. 2008) (citing *Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir.2005)).  The

Court therefore finds the Defendants' objection to exhibits "P4," "P5" and "P6" are well-taken.

Evidentiary Exhibit "P7" is a document entitled "Harrison County Adult Detention Center's Monthly Security Statistical Report and Support Services Report." The Defendants object to the consideration of this document because it is unsigned and unsworn. Further, it was prepared for and filed in connection with the quarterly reports in a consent decree proceeding between the United States and Harrison County. This Court has previously found that such documents "do not comport with Federal Rule of Civil Procedure 56(e) because they are . . . excerpts of reports that were prepared in litigation of a separate case and do not reflect any nexus to the case before the Court." *Melear v. Harrison County,* 2005 WL 3240698, *4 (S.D. Miss. Nov. 29, 2005). The Court further noted:

> More importantly, the utilization of these exhibits would be contrary to the Fifth Circuit rationale in *Green v. McKaskle*, 788 F.2d 1116 (5th Cir.1986), that consent decrees are remedial measures and that the mere existence or a violation of a remedial court order will not support section 1983 liability without independent grounds for a constitutional claim.

*Id*. Therefore, the Court finds the Defendants' objection to exhibit "P7" is well-taken. Exhibits "P4" through "P7" will not be considered.

PLAINTIFF'S SECTION 1983 CLAIMS:

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).

A. *Official Capacity Claims:*

-6-

To the extent Golden brings this action against Payne, Gatson-Riley, Jackson and Taylor in their official capacities under section 1983, he must establish a constitutional violation and in addition must satisfy the test for official capacity liability. This test requires Golden to establish three things: first, that the Sheriff's office had an official policy, practice or custom which would subject it to section 1983 liability; second, that the official policy is linked to the constitutional violation(s); and third that the official policy reflects the Sheriff's office's deliberate indifference to that injury. *See Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). The Fifth Circuit has noted that a plaintiff bears an "extremely heavy burden" in establishing both the county's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001) (stating that these requirements "must not be diluted.").

In regard to the allegation that Golden was sprayed with mace and punched in the eye when he first arrived at the booking room, Golden states in his affidavit:

> When I arrived at the Harrison County Adult Detention Center, I was placed in the booking room and I was irritated because of the arrest, but never resisted nor caused a disturbance that warrant being punched in the eye and sprayed with OC.

Ct. R. 123-11 p. 2.

Golden submitted surveillance video from the HCADC which purportedly shows this incident, *see* Ct. R. 115, but he made no attempt to identify himself on the video, or when the incident occurs. After viewing the entire video, which spans 24 hours at high speed, the Court is unable to discern an incident such as the one Golden describes. Assuming the incident occurred as described by Golden, there has been no competent summary judgment evidence provided

which would show that the moving force behind the incident was a Harrison County custom or policy.  Under *Piotrowski*, Golden's evidence is insufficient to impose liability upon Harrison County for Jackson's actions.

As for the later incidents, Golden himself states that Jackson was acting on his personal animosity toward Golden, and there is no suggestion in the evidence that Jackson was encouraged by a policy or custom of the Sheriff's Office in doing so.  Further, Golden's complaints quickly brought a comprehensive investigation by the Sheriff's Office, resulting in Jackson's immediate termination from employment.  This evidence tends to show that Harrison County's policy or custom was to discourage its jailers from assaulting detainees, rather than the opposite.

The Fifth Circuit has held that a "state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm . . . but responded with deliberate indifference to that risk."  *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).  In other words, for liability to attach to a jail official, the plaintiff must show that the official had subjective knowledge of a substantial risk of serious harm to the inmate, but responded with deliberate indifference to that risk.  *Id*. at 649.  Golden has not offered any evidence that would create a genuine issue of material fact as to whether the Defendants possessed subjective knowledge of a substantial risk of serious harm, or that they responded with deliberate indifference to that risk.  He asserts as evidence "the utterance of obscene language by Defendant Jackson while beating me implying that his conduct was supported by official policy of the jail."  Ct. R. 123-11 p. 2-3.  Deliberate indifference is the subjective intent to cause harm, and it cannot be inferred from a jail official's failure to act

-8-

reasonably.  It is not the same as negligence.  *Id.* at 648.  "Negligent conduct by a prison official cannot be the basis for a due process claim."  *Id.* at 646.  At best, Golden's allegations amount to isolated incidents of negligent conduct, which, by themselves, are insufficient to support official capacity claims against Payne, Gaston, Gatson-Riley, Jackson and Taylor.

    B.  *Individual Capacity Claims*

    With regard to the individual capacity claims raised against Payne, Gaston, Gatson-Riley and Taylor, the Court finds that they are entitled to qualified immunity.  In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged the violation of a clearly established constitutional right.  *Siegert v. Gilly*, 500 U.S. 226, 231 (1991).  If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable.  Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable.  *Hare*, 135 F.3d at 327.  In the case at hand, the Court finds that Golden has not presented any evidence sufficient to allege a violation of a clearly established constitutional right or any unreasonable conduct on the part of Payne, Gaston, Gatson-Riley or Taylor.  Golden does not allege any personal involvement by Payne, Gaston, Gatson-Riley or Taylor in the assaults.  Rather, he seeks liability on the basis of the failure to supervise, train, and monitor jailers to ensure that they properly carried out established policies and procedures.[4]  Under Section 1983, supervisory officials are not liable for the actions of subordinates on theories of respondeat superior or vicarious liability.  *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990).  Each of the individual officers (with the

_____

    [4]  Golden appears to include Harrison County, Payne, Gaston, Gatson-Riley and Taylor in this allegation, although none is specifically alleged to be Jackson's supervisor.

exception of Jackson) argues for qualified immunity because he or she did not personally participate in or have any knowledge of the assaults on Golden.  Golden does not dispute that none of these officers was present during the incidents.  However, this alone does not relieve them of liability.  Supervisors may face liability where their inaction, including failing to train or supervise their subordinates, amounts to gross negligence or deliberate indifference which is the proximate cause of a constitutional violation.  *See Cantu v. Rocha*, 77 F.3d 795, 807 (5th Cir. 1996); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (stating that supervisory liability exists without overt personal participation in the act if the supervisory official implements a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation").  There is no competent summary judgment evidence showing that any Harrison County official was deliberately indifferent by either ignoring a known risk to Golden, or failing to train or supervise the jailers at the HCADC.  As Golden himself asserts, Jackson assaulted him for his own personal reasons, and those reasons were unrelated to the training Jackson received.  Thus, the Court finds that Payne, Gaston, Gatson-Riley and Taylor are entitled to qualified immunity in their individual capacities.

PLAINTIFF'S SECTION 1985 CLAIM:

Golden alleges that Payne, Jackson, Taylor, Gatson-Riley, Gaston, and John Does 1-5 conceived and executed a plan to brutalize Golden and cover up the truth, resulting in Golden's injuries.  Compl. 7-8.  Payne, Gaston, Gatson-Riley and Taylor note that Golden does not identify which part of § 1985 is implicated by his allegations, but the only possible relevant portion is the first part of § 1985(3).  This provision addresses conspiracies to deprive a person of equal protection under the law and equal immunities under the law.  *See Kush v. Rutledge*, 460

U.S. 719, 724-25 (1983).  However, any such conspiracy must be motivated by a racial-based or

other class-based invidious discriminatory animus in order to be actionable under § 1985(3).

*Deubert v. Gulf Fed. Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987).  Golden does not make an

allegation that the conspiracy was based on a racial or other class-based animus, and the

Defendants point out the lack of any evidence of such an animus.  Golden does not address the

Defendants' argument for dismissal of this claim.  Because Payne, Gaston, Gatson-Riley and

Taylor have shown there is no question of material fact for the jury in regard to Golden's § 1985

claim, they are entitled to judgment as a matter of law.

PLAINTIFF'S SECTION 1986 CLAIM:

Golden alleges that the Defendants failed, either intentionally or negligently, to expose,

prevent or otherwise thwart the conspiracy to deprive him of his federally protected rights.

Compl. 8 (¶ 39-40).  A viable cause of action under § 1986 is dependent upon a viable § 1985(3)

claim.  *Hamilton v. Chaffin*, 506 F.2d 904, 914 (5th Cir. 1975).  As Golden has failed to establish

a viable § 1985(3) claim, Payne, Gaston, Gatson-Riley and Taylor are entitled to judgment as a

matter of law on Golden's  § 1986 claim.

PLAINTIFF'S STATE LAW CLAIMS:

There is no dispute that Golden was a detainee at the HCADC when the alleged incidents

occurred.  The Defendants argue that the Mississippi Tort Claims Act prohibits any state law

claim by a detainee against a governmental entity and its employees acting within the course and

scope of their employment.  *See Harvison v. Greene County Sheriff Dept.*, 899 So.2d 922 (¶ 9)

(Miss. App. 2005); MISS. CODE § 11-46-9(1)(m).  Golden does not make any argument in

opposition.  The Court therefore concludes that Defendants Payne, Gaston, Gatson-Riley and

Taylor are entitled to judgment as a matter of law in regard to Golden's state law claims of civil conspiracy, outrage, assault, battery, intentional and negligent infliction of emotional distress, and negligent supervision, hiring and retention.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike [124] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants' Motion to Strike [130] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Rick Gaston's Motion [108] for Summary Judgment is **GRANTED**.  Plaintiff's claims against Rick Gaston are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [110] for Summary Judgment filed by Dianne Gatson-Riley, Lee Oatis Jackson, George Payne and Phillip Taylor, joined [119] by Harrison County, Mississippi, is **GRANTED**.  Plaintiff's claims against Gatson-Riley, Payne, Taylor and Harrison County, Mississippi are **DISMISSED** with prejudice. Plaintiff's claims against Lee Oatis Jackson, **IN HIS OFFICIAL CAPACITY ONLY**, are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2008.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE